**Earl D. SPEROW, Plaintiff–Appellant,**

v.

**Francis MELVIN, et al., Defendants–Appellees.**

No. 96–4219.

United States Court of Appeals, Seventh Circuit.

Submitted July 29, 1998.

Decided Aug. 26, 1998.

Earl D. Spero, pro se.

Cacilia R. Masover, Office of the Atty. Gen., Civil Appeals Div., Chicago, IL, for Defendants–Appellees.

Before POSNER, Chief Judge, and BAUER and MANION, Circuit Judges.

POSNER, Chief Judge.

The district court dismissed this prisoner civil rights suit for failure to state a claim. The prisoner, Sperow, filed a notice of appeal and asked the district judge, pursuant to 28 U.S.C. § 1915, to be permitted to proceed in forma pauperis on appeal, that is, without having to pay the full filing fee. The judge granted the request and assessed an initial partial filing fee, in accordance with § 1915(b)(1), of $2.22, and ordered Sperow to pay this fee within 45 days on pain of having his permission to proceed in forma pauperis rescinded. The 45 days passed without payment and the judge entered an order denying in forma pauperis status on appeal. Sperow has asked us for permission to proceed in forma pauperis, as we are authorized to allow even though the district judge has turned him down. See Fed. R.App. P. 24(a); *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir.1997); *Baugh v. Taylor*, 117 F.3d 197, 201 (5th Cir.1997).

As amended by the Prison Litigation Reform Act, the provisions of which are applicable to this case, 28 U.S.C. § 1915 sets forth three grounds for denying in forma pauperis status to a prisoner appellant: the prisoner has not established indigence, the appeal is in bad faith, the prisoner has three strikes. §§ 1915(a)(2), (a)(3), (g). The judge granted Sperow's request to proceed in forma pauperis, implying that none of the three grounds for denying it was applicable. The condition that the judge imposed (payment of the partial fee) was not based on any of the statutory grounds for denial of in forma pauperis status. The statute does not authorize a district judge to grant a request for in forma pauperis status on any condition, or to deny in forma pauperis status *on appeal* because the prisoner has not paid the partial fee. The failure to pay a filing fee normally leads to dismissal for want of prosecution, e.g., *Newlin v. Helman, supra*, 123 F.3d at 434; *Williams–Guice v. Board of Education*, 45 F.3d 161, 163–64 (7th Cir.1995); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir.1995); 7th Cir. Internal Operating Proc. 7(a), but dismissal by the court in which the pleading was filed, which is to say, in the case of a failure to pay a fee for filing or docketing an appeal, by this court. The district judge fixes the fee in the case of a prisoner unable to pay the regular fee, but it is a fee for proceeding in this court. A district court cannot dismiss an appeal, *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir.1994) (per curiam); *Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir.1990) (per curiam); *Camby v. Davis*, 718 F.2d 198, 199 n. 2 (4th Cir.1983), and it follows that it cannot condition an appeal on the appellant's prosecuting it vigorously in the court of appeals. The order of the district court is therefore vacated. Since, moreover, Sperow has now paid the initial partial filing fee, we have no grounds for dismissing the appeal for want of prosecution.