**Timothy T. PATE, Plaintiff–Appellant,**

v.

**Sergeant Thomas STEVENS, Star # 2051, Defendant–Appellee.**

No. 98–3083.

United States Court of Appeals, Seventh Circuit.

Dec. 24, 1998.

Timothy T. Pate (submitted on briefs), Danville, IL, pro se.

Brian L. Crowe, Office of the Corporation Counsel, Appeals Division, Chicago, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, and CUMMINGS and DIANE P. WOOD, Circuit Judges.

PER CURIAM.

We write to clarify the district court's responsibilities when making good faith determinations under Federal Rule of Appellate Procedure 24. Upon consideration of Timothy Pate's renewed motion for leave to proceed as a pauper on appeal; his motion filed under Federal Rule of Appellate Procedure 24; the district court's order pursuant to 28 U.S.C. § 1915(a)(3), certifying that Pate filed his appeal in bad faith; and the record on appeal, this court concludes that the district court erred in its bad faith determination. *See Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir.1997). Accordingly, it is ordered that Pate's motion for leave to proceed *in forma pauperis* on appeal is granted.

Pate brought a civil rights action under 42 U.S.C. § 1983 alleging that Thomas Stevens, a sergeant in the Chicago Police Department, used excessive force when he shot Pate in the back while effectuating his arrest. Pate's case was tried before a jury, and his testimony about the shooting differed markedly from Stevens's. Pate conceded he was armed initially but maintained that he dropped his gun after being struck by Stevens's squad car. According to Pate, Stevens ordered him to halt or be shot. Pate testified that after he complied with Stevens's orders to get down on his knees and place his hands behind his head, Stevens tried to pull him to his feet, yelled "run nigger," and shot him in the back. Stevens testified that he answered another officer's call for assistance and during the ensuing chase, ordered Pate repeatedly to drop his weapon. Stevens further testified that as he closed in on Pate, Pate began to swing his arm and weapon in Stevens's direction. Stevens fired, striking Pate in the back.

After the jury returned a verdict for Stevens, Pate renewed his previous motion for judgment as a matter of law and, alternatively, requested a new trial. In support of his motion, Pate argued that because all of the physical evidence supported his testimony and contradicted Stevens's version, no reasonable jury could have found for the defendant. Pate further argued that the trial court had erred both in making certain evidentiary rulings and in instructing the jury. The district court denied the motions, explaining that the evidence, when considered in the light most favorable to Stevens, clearly supported the jury's verdict.

Pate filed a notice of appeal and, pursuant to Federal Rule of Appellate Procedure 24(a), moved in the district court for leave to proceed *in forma pauperis* on appeal. Citing *Newlin*, the district court denied Pate's application because in it, Pate had not articulated the grounds for his appeal. The district court also concluded that there was no good faith basis for an appeal. Pate has renewed his application in this court.

▮ As amended by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915 sets forth three grounds for denying *in forma pauperis* status to a prisoner appellant: the prisoner has not established indigence, the appeal is in bad faith, or the prisoner has three strikes. *See* § 1915(a)(2)-(3), (g). Before the enactment of the PLRA, a district court's "bad faith" determination was reviewed de novo. *See Cruz v. Hauck*, 404 U.S. 59, 62, 92 S.Ct. 313, 30 L.Ed.2d 217 (1971) (Douglas, J., concurring). Because the PLRA changed the certification provision only in number (§ 1915(a) became § 1915(a)(3)), we agree with the Fifth Circuit

that our review of "bad faith" determinations remains de novo. *See Baugh v. Taylor*, 117 F.3d 197, 201 n. 18 (5th Cir.1997); *see also Newlin*, 123 F.3d at 433 (implicitly engaging in de novo review). *But see McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.1997) (no review of district court denial of leave to proceed IFP on appeal for a prisoner).

█ In *Newlin*, we reasoned that a plaintiff acted in bad faith where, after being told that his claim was foreclosed, he filed a notice of appeal and sought leave to proceed on appeal as a pauper without offering any argument challenging the district court's underlying decision. 123 F.3d at 433. In *Newlin*, however, the plaintiff had filed a § 1983 claim that was dismissed under 28 U.S.C. § 1915A for failure to state a claim. The plaintiff had been told that his suit was untimely, yet he proceeded to appeal without suggesting any reason to doubt the correctness of the district court's stated basis for dismissal. We recognized in *Newlin* that judges "lack access to the plaintiff's mental processes." *Id.* We thought it proper under these circumstances for the district judge, who could only speculate as to *why* the plaintiff believed his suit was timely, to infer bad faith from a lack of any argument in the papers requesting leave to proceed *in forma pauperis* on appeal.

In the present case, however, the district court was not left to speculate about the basis for Pate's appeal. Pate's suit was not dismissed under § 1915A; it proceeded to a jury. His motions for judgment as a matter of law and for a new trial presented clear arguments as to why he believed he was entitled to judgment. Thus, while we express no opinion as to the merits of these arguments, we do believe the district court was put on sufficient notice as to the issues Pate intended to raise on appeal. *See* Fed. R.App. P. 24(a). Pate's application did not need to repeat what was already sufficiently clear. Accordingly, it was improper for the district court to have determined bad faith based solely on Pate's omission of argument in his request to proceed *in forma pauperis* on appeal.

█ The district court also concluded, after reviewing the record, that there existed no good faith basis for appeal and denied *in forma pauperis* status on this alternative ground. With this, we also disagree. Again without commenting on the merits, we caution district courts not to apply an inappropriately high standard when making good faith determinations. In *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), the Supreme Court established the threshold for obtaining a certificate of probable cause, a standard that "is a higher one than the 'good faith' requirement of Sec. 1915." *See also Cuppett v. Duckworth*, 8 F.3d 1132, 1148 (7th Cir.1993) (en banc) (Ripple, J., concurring). The *Barefoot* Court noted that even the higher standard for obtaining a certificate of probable cause did not require a petitioner to show that he would prevail on the merits because, obviously, he had already failed in that endeavor. 463 U.S. at 893 n. 4, 103 S.Ct. 3383. "Rather, he must demonstrate that the issues are debatable among jurists of reason; that a *court* could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Id.* (internal quotations and citations omitted) (brackets and emphasis in original).

We conclude that Pate has proceeded in good faith. His case was sufficiently substantive to warrant a jury trial, and the jury verdict, although favorable to Stevens, does not necessarily render an appeal in bad faith. In fact, we see numerous appeals from jury trials followed by unfavorable rulings on post-trial motions for judgment as a matter of law or for a new trial. *See, e.g., Riemer v. Illinois Dep't of Transp.*, 148 F.3d 800 (7th Cir.1998) (appeal of jury verdict after post-trial motions for judgment as a matter of law and new trial were denied); *Stopka v. Alliance of Am. Insurers*, 141 F.3d 681 (7th Cir.1998) (appeal after motion for a new trial was denied). Some are successful. *See Mary M. v. North Lawrence Community Sch. Corp.*, 131 F.3d 1220 (7th Cir.1997) (reversing because of flawed jury instructions). Whether Pate will succeed on appeal is not the question before this panel. The question instead is only whether Pate has brought his appeal in good faith.

Accordingly, we GRANT Pate permission to proceed *in forma pauperis* on appeal. The clerk of the district court is instructed to assess an initial partial filing fee for the appeal and to notify this court when the partial fee has been collected.

IT IS FURTHER ORDERED that the clerk of this court shall transmit the record on appeal to the district court clerk's office, and that the clerk of the district court shall thereafter retransmit the record on appeal to this court upon the issuance of the district court's order in response to our limited remand order.