**Curtis J. CELSKE, Plaintiff–Appellant,**

v.

**Thomas EDWARDS, et al.,
Defendants–Appellees.**

No. 98–2064.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 15, 1998.

Decided Jan. 11, 1999.

Curtis J. Celske, Racine Correctional Institution, Sturtevant, WI, for Plaintiff–Appellant.

James E. Doyle, Office of Atty. Gen., Wisconsin Dept. of Justice, Madison, WI, for Defendant–Appellees.

Before POSNER, Chief Judge, and BAUER and MANION, Circuit Judges.

POSNER, Chief Judge.

■■■ Curtis Celske, a state prisoner, asks leave under 28 U.S.C. § 1915 to appeal in forma pauperis from the dismissal on summary judgment of his suit for damages for deprivation of liberty without due process of law, in violation of the Fourteenth Amendment, and for violation of the cruel and unusual punishments clause of the Eighth Amendment, made applicable to the states by the Fourteenth Amendment. The district judge, although he had authorized Celske to proceed in the district court in forma pauperis, certified in writing that Celske's appeal is not taken in good faith, and this certification is a bar to an appeal in forma pauperis, § 1915(a)(3), unless we disagree with the district judge's determination of bad faith. Fed. R.App. P. 24(a); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir.1998); *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997); *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir.1997); *Wooten v. District of Columbia Metropolitan Police Dept.*, 129 F.3d 206, 207 (D.C.Cir.1997); *Baugh v. Taylor*, 117 F.3d 197, 200–01 (5th Cir.1997); but

cf. *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.1997). Because the judge's certification contained no reasons, we remanded the case to him to provide a statement of reasons. He has responded by informing us that "plaintiff has been told that his Fourteenth Amendment due process and Eighth Amendment deliberate indifference claims were foreclosed and then filed a notice of appeal without offering any argument to undermine the conclusion that both claims should be dismissed." In so ruling, the judge was paraphrasing a passage from our opinion in *Newlin v. Helman*, *supra*, 123 F.3d at 433: "A plaintiff who has been told that the claim is foreclosed and then files a notice of appeal without offering any argument to undermine the district court's conclusion is acting in bad faith."

In that case, the plaintiff's suit was both untimely and barred by absolute immunity; it was clearly foreclosed, and in these circumstances, with no argument by the plaintiff that he had some colorable ground for appealing, the inference of bad faith was compelling. In the present case, the district judge dismissed the plaintiff's due process claim after the plaintiff failed to respond to the defendants' motion to dismiss and the judge determined that "there were insufficient allegations" to support the claim. And he granted summary judgment on the plaintiff's claim of cruel and unusual punishment after he "determined from all the evidence provided that plaintiff received reasonable treatment for his back problem and ... defendants were not deliberately indifferent to his chronic lower back pain." The plaintiff then filed his notice of appeal, which the district judge "construed as a request to proceed *in forma pauperis* on appeal. Plaintiff's notice of appeal did not state any reason for his appeal."

■■■ Nothing in the judge's statement of the basis for his decision on Celske's claims suggests that they are frivolous or that an appeal would be futile. See also *Pate v. Stevens*, 163 F.3d 437 (7th Cir.1998) (per curiam). Judgments of dismissal based on insufficient allegations in the complaint, and grants of summary judgment based on "all the evidence," are occasionally reversed.

Dismissals on the basis of insufficient allegations are sometimes inconsistent with the notice-pleading philosophy of the Federal Rules of Civil Procedure, and summary judgments that are based on a weighing of conflicting evidence sometimes violate Rule 56, which authorizes summary judgment only if there is no genuine issue of material fact. Of course, it may be that Celske's case is so plainly without merit that he has no good faith basis for an appeal. But this is not apparent from anything the judge said. Furthermore, the judge's opinion can be read to attach significance to Celske's failure to explain the grounds for appealing *in the notice of appeal.* But a notice of appeal is not supposed to contain grounds or argument. See Fed. R.App. P. 3(c) and Forms App. Form 1; *Smith v. Barry*, 502 U.S. 244, 247–49, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992); *Librizzi v. Children's Memorial Medical Center*, 134 F.3d 1302, 1306 (7th Cir.1998). What is more, since a plaintiff who, like Celske, was allowed to proceed in forma pauperis in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith, Fed. R.App. P. 24(a)(3), no inference of bad faith can be drawn from the plaintiff's failure, at the time he filed his notice of appeal (which was, of course, before the judge certified the appeal as taken in bad faith), to give reasons why his appeal is in good faith. In sum, having been allowed to proceed IFP in the district court, Celske wasn't required to give the district judge reasons for the appeal. *Pate v. Stevens, supra.*

Had the judge, in certifying the appeal as taken in bad faith, given adequate reasons for the certification, then Celske, in asking us by way of a Fed. R.App. P. 24(a)(1) motion to override the judge's decision, would have to give us reasons for granting the motion, unless they were obvious. But the judge did not give adequate reasons.

In cases such as this, where the appellant was authorized to proceed in forma pauperis in the district court, a district judge who after receiving the notice of appeal doubts that it is in good faith should, before yanking the appellant's IFP status, notify the appellant of the impending change of status and give him an opportunity to submit a statement of his grounds for appealing. On the basis of the appellant's response to the notice, the judge can make a responsible assessment of the issue of good faith. This procedure will reduce the number of cases in which we are compelled to remand for a fuller statement of the judge's reasons for believing that the appeal is not taken in good faith.

As this was not done here, the case must again be

REMANDED.