Aaron HYCHE, Plaintiff–Appellant,

v.

T. CHRISTENSEN, et al., Defendants–
Appellees.

No. 98–1032.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 12, 1999.

Decided March 19, 1999.

Aaron Hyche, Pontiac Correctional Center, Pontiac, IL, for Plaintiff–Appellant.

Edmund C. Baird, Office of the Attorney General, Civil Appeals Division, Chicago, IL, for Defendants–Appellees.

Before COFFEY, EASTERBROOK, and EVANS, Circuit Judges.

EASTERBROOK, Circuit Judge.

This case, twice returned to the district court for compliance with the Prison Litigation Reform Act, must unfortunately be remanded a third time. We have decided to publish a brief explanation in order to reiterate some of the points made in *Newlin v. Helman*, 123 F.3d 429 (7th Cir.1997), *Pate v. Stevens*, 163 F.3d 437 (7th Cir.1998), and *Celske v. Edwards*, 164 F.3d 396 (7th Cir. 1999), about appropriate procedure.

After Hyche filed a notice of appeal, the district judge set a fee schedule under 28 U.S.C. § 1915(b) but inconsistently wrote that he would later review the merits of the appeal to decide whether to permit Hyche to proceed *in forma pauperis*. This led to the first remand. Our order observed that, if the judge certifies that the appeal is not in good faith, see § 1915(a)(3), and that the litigant therefore may not proceed *in forma pauperis*, then it is inappropriate to collect a partial (or any) filing fee until after the court of appeals has reviewed that determination. *Newlin*, 123 F.3d at 432–33. The § 1915(a)(3) determination must precede (and controls) the § 1915(b) determination.

Reviewing the issue for a second time, the district court found that the appeal is frivolous because it is interlocutory and untimely. This led to a second remand, because under § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken *in good faith*." (Emphasis added.) Frivolousness is no longer a statutory obstacle to proceeding on appeal *in forma pauperis*— and although frivolousness may imply the lack of good faith, the two standards differ. *Newlin* held, 123 F.3d at 433, that "good faith" is a subjective standard, while "frivolousness" is an objective one. Moreover, the judge's stated reasons implied that he thought that the district court, rather than the court of appeals, should decide whether appellate jurisdiction exists. Only the court of appeals determines whether an appeal satisfies jurisdictional requirements. See *Sperow v. Melvin*, 153 F.3d 780 (7th Cir.1998). Some interlocutory orders are appealable, and deadlines for appealing from them can be hard to pin down. "Good faith" would be missing if any litigant, even a prisoner proceeding *pro se*, has to know that a given order is not in the set of appealable orders, or that the time has expired, but the unelaborated observation that the case is not concluded in the district court does not resolve either question.

Addressing matters for a third time, the district court wrote: "Plaintiff has not given this Court any reason which undermines the determinations made in this case. Accordingly, this Court can only conclude that the appeal is not taken in 'good faith.'" The judge did not further elaborate. Then the judge directed Hyche to make an initial payment and commence periodic supplements under § 1915(b)(2). This recreates the very inconsistency that led to the first remand. Lest there be any misunderstanding, we reiterate the conclusion of *Newlin* that, if the district judge certifies that the appeal has not been taken in good faith, then the judge *must not* invoke the periodic-payment system established by § 1915(b). If the appeal is not in good faith, and the

litigant therefore is not entitled to proceed *in forma pauperis*, then the docket and filing fees must be prepaid in full. An appellant is entitled to challenge the district court's decision by motion under Fed. R.App. P. 24(a)(5), however, and to do so before paying any part of the docket and filing fees. Only if this court disagrees with the district court's ruling, and permits the appeal to proceed *in forma pauperis*, will the periodic-payment system established by § 1915(b) be employed.

As for the "good faith" question: the district court did not give any reason beyond Hyche's silence. *Celske* stressed, however, that a plaintiff who has been allowed to proceed *in forma pauperis* in the district court need not ordinarily provide reasons for an appeal. Only when IFP status has been denied must the appellant file in the district court a motion that "states the issues that the party intends to present on appeal." Fed.R.App.P. 24(a)(1)(C). What is more, sometimes (as in *Pate*) the arguments to be advanced on appeal are so obvious that the district judge can make the determination under § 1915(a)(3) without the aid of a statement from the appellant. Because a Rule 24(a)(1)(C) statement of reasons is not universally necessary, a judge who plans to revoke *forma pauperis* status already granted should notify the appellant and afford him an opportunity to provide a statement.

Hyche now has had both notice and opportunity: the district judge's first two rulings alerted him to the value of a précis of his appellate arguments. Still, even when the appellant is silent, the district judge must give a reason that is reviewable by this court. If the appellant does not explain what errors he thinks the district court committed, it is ordinarily enough for the judge to point to the reasoning in the ruling sought to be appealed. That's what happened in *Newlin*. But the judge did not do this here. Silence by the appellant has been met with silence by the district court. Our task is further complicated by the fact that the district judge has noted different shortcomings. In response to the first remand, the judge pointed to *jurisdictional* flaws in the appeal; in response to the second, the judge implied that the appeal is *substantively* deficient. In order to implement Rule 24(a)(5), we need to know in more detail why the district court believes that Hyche's appeal was not taken in good faith.

Accordingly, we remand for a third time for proceedings consistent with *Newlin, Pate, Celske,* and this opinion. Hyche should promptly file in the district court an affidavit complying with Rule 24(a). If that court again certifies that the appeal was not taken in good faith, it should give the notice required by Rule 24(a)(4)(B), after which Hyche will have 30 days to file a motion under Rule 24(a)(5) (including the affidavit required by Rule 24(a)(1)). Lack of such a motion will lead to dismissal of the appeal without further warning.

Vacated and Remanded

EVANS, *Circuit Judge*, concurring.

I join Judge Easterbrook's opinion but wonder aloud why this sort of administrative/procedural detail under the PLRA has to be so complicated. I'd say that when an experienced district judge—and Judge Mihm is certainly that—is reversed three times in the same case on a little point like this, something is rotten in Denmark. Is this what Congress intended? I don't think so. I always thought the PLRA was supposed to make the handling of prisoner litigation more efficient. If that's its goal, and this sort of thing is its result, Congress should go back to the drawing board. Substituting "frivolous" for "good faith" in § 1915(a)(3) would be a good place to start.