**Johnny Cebern HAMILTON, Plaintiff,**

v.

**Jimmy DOWNS, Jr., Deputy; Don Martin, Sheriff; and Liberty County Board of Commissioners, Defendants.**

### No. CV 497–195.

United States District Court,
S.D. Georgia,
Savannah Division.

Oct. 5, 1999.

Timothy D. Roberts, Timothy M. O'Brien, Oliver, Maner & Gray, Savannah, GA, for Johnny Cebern Hamilton, plaintiff.

Richard A. Rominger, Thomas Langston Bass, Jr., Brennan, Harris & Rominger, Savannah, GA, for defendants.

Kirby Clarice Mason, Hunter, Maclean, Exley & Dunn, Savannah, GA, for Memorial Medical Center, Inc.

## *ORDER*

EDENFIELD, District Judge.

Inmate plaintiff Johnny Cebern Hamilton brought this 42 U.S.C. § 1983 action against Liberty County, its sheriff, and the sheriff's deputy (defendant Jimmy Downs, Jr.), who allegedly ran over plaintiff with his patrol car during an arrest. Doc. # 2. At the close of evidence during trial, the Court granted Downs's F.R.Civ.P. 50(a)(1) motion against Hamilton's state-law negligence claim. *See* doc. # 141. Following a defense verdict the Court entered judgment against Hamilton. Doc. # 144.

Plaintiff now appeals and moves the Court to grant him leave to appeal in forma pauperis (IFP), which includes a request for a free trial and other transcripts. Doc. 145–47. Hamilton has shown that he is indigent, doc. # 146, exh. A, and in his *transcript request* states that he intends to appeal this Court's failure to grant him a continuance (the Court appointed counsel less than a week before trial; they now claim that they could neither conduct meaningful discovery nor secure the attendance of at least one witness to the incident in question).[1] He also challenges the Court's negligence ruling. Doc. # 147 at 2–3.[2]

---

1. Of course, "there is no right to counsel in a civil proceeding." *U.S. v. 817 N.E. 29th Drive*, 175 F.3d 1304, 1311 n. 14 (11th Cir.1999); *cf. Gibson v. Turpin*, 270 Ga. 855, 513 S.E.2d 186, 188 (1999) (not even for capital habeas cases). Hamilton had been ably representing himself — even to the point of winning an appellate reversal, *see* doc. # 101 — when the Court indulged him by appointing two of Savannah's finest young lawyers, so it is difficult to envision prejudice here.

2. Hamilton's IFP motion contains no IFP grounds, but they can be found within his transcript-request motion. That will suffice, *see Pate v. Stevens*, 163 F.3d 437, 439 (7th

■ Under the Seventh Circuit's reading of the IFP rule/statute, a plaintiff who has been allowed to proceed in forma pauperis in the district court need not ordinarily provide reasons when seeking to appeal IFP. *Hyche v. Christensen,* 170 F.3d 769, 771 (7th Cir.1999); *Celske v. Edwards,* 164 F.3d 396, 398 (7th Cir. 1999).[3] Only when the district court denies IFP (hence, strips the plaintiff of it) must the movant then "file in the district court a motion that 'states the issues that the party intends to present on appeal.'" *Hyche,* 170 F.3d at 771 (*quoting* F.R.App.P. 24(a)(1)(C)).

After the movant states those issues, should district courts review them? Rule 24 contains no such direction, so it appears that the "Rule 24(a)(1)(C) statement" should be filed solely to facilitate appellate review of the IFP denial, as contemplated by Rule 24(a)(5) (within 30 days after the clerk serves notice of the district court's IFP-denial, a movant may file an IFP motion with the appellate court).[4] *See supra* note 2. To conclude otherwise would create a two-stage, district court IFP consideration process—hardly serving the increased efficiency Congress and the rule revisers envisioned under the Prison Litigation Reform Act.

In any event, the *Hyche* court correctly underscored the district judge's obligation to provide a reason for any IFP denial, "even when the appellant is silent" as to

the issues he seeks to raise on appeal.[5] 170 F.3d at 771. That reason is "reviewable by [the appellate] court" under Rule 24(a)(5). 170 F.3d at 771.

■ This Court initially allowed Hamilton leave to proceed IFP, *see* doc. # 1, so under *Hyche* he need not have provided a Rule 24(a)(1)(C) appellate issue statement until this Court denied him IFP, and only then for the purpose of facilitating Rule 24(a)(5) review. *Hyche,* 170 F.3d at 771; *see also Celske,* 164 F.3d at 398. Evidently recognizing that district courts nevertheless are free to surmise what issues will be raised, then decide that the appeal is not taken in the good faith 28 U.S.C. § 1915(a)(3)/Rule 24(a) demands, Hamilton's counsel wisely chose to state the issues he wishes to raise on appeal. Doc. # 147 at 2–3.

■ But in doing so, they claimed error without also showing how it prejudiced Hamilton's case within the meaning of F.R.Civ.P. 61. They thus pose a procedural question *Hyche* left unanswered: just how much must an IFP movant present in his Rule 24(a)(1)(C) appellate issue statement? The question is especially important here, where the defendants' case was reasonably strong (the jury took only 45 minutes to return a defense verdict, *see* 8/25/99 Minute Entry), and the Court harbors substantial doubt whether the issues presented have any merit. Because an appeal typically will be fruitless without

---

Cir.1998), but the better practice would be to present IFP grounds *within* one's IFP motion.

3. Nevertheless, the typical IFP movant would want to present his statement of appellate issues and make his best case for why the taxpayers should subsidize his appeal. While sometimes "the arguments to be advanced on appeal are so obvious that the district judge can make the determination under [28 U.S.C.] § 1915(a)(3) without the aid of a statement from the appellant," *Hyche,* 170 F.3d at 771, oftentimes they are not. For that matter, district courts should not be raising issues on behalf of litigants appearing before them, *U.S. v. Burkhalter,* 966 F.Supp. 1223, 1225 n. 4 (S.D.Ga.1997), but the "Hyche" approach would seem to encourage that.

4. The circuits are split on whether appellants denied IFP at the district court level must then immediately pay the appellate filing fee. *See Smith v. District of Columbia,* 182 F.3d 25, 29 (D.C.Cir.1999) ("Although some courts have required prisoners to pay the full filing fee whenever their in forma pauperis application is denied, *see Newlin v. Helman,* 123 F.3d 429, 434 (7th Cir.1997); *Henderson v. Norris,* 129 F.3d 481, 483 (8th Cir.1997); *Leonard v. Lacy,* 88 F.3d 181, 184 (2d Cir.1996), it has not been our practice to do so").

5. *Hyche* notes that if "the appellant does not explain what errors he thinks the district court committed, it is ordinarily enough for the judge to point to the reasoning in the ruling sought to be appealed." 170 F.3d at 771.

demonstrated error *and* Rule 61 prejudice, this Court holds that a Rule 24(a)(1) issue statement must claim both.

The Court will follow *Hyche* (it generally comports with Rule 24(a)'s plain text, and the Eleventh Circuit has not otherwise spoken), and would otherwise strip Hamilton of his IFP status because he failed to claim Rule 61 prejudice. But because Rule 24(a) and § 1915 have spawned confusing results, *see Hyche,* 170 F.3d at 771 (concurrence), and this area of law is still evolving, the Court grants Hamilton leave to restate his appellate issues.

So, the Court will entertain a renewed IFP motion within ten days of the date this Order is served. Hamilton has "now been alerted to the value of a précis of his appellate arguments." *Hyche,* 170 F.3d at 771. He need not show that he will prevail on appeal, *Pate,* 163 F.3d at 439, but because meritable-sounding appellate issues otherwise do not leap out from the record, it would behoove him to illuminate them here. Accordingly, plaintiff Johnny Cebern Hamilton's IFP/transcript motions (doc. 146–47) are ***DENIED WITHOUT PREJUDICE*** to renewing them within ten days.

**SO ORDERED.**