In the
United States Court of Appeals
For the Seventh Circuit

Nos. 99-3250 & 99-3859

Minghao Lee,

Plaintiff-Appellant,

v.

William J. Clinton, et al.,

Defendants-Appellees.


Appeals from the United States District Court
for the Western District of Wisconsin.
Nos. 99 C 501 & 99 C 607--Barbara B. Crabb, Judge.


Submitted February 24, 2000--Decided April 10, 2000




 Before Posner, Chief Judge, and Diane P. Wood and
Evans, Circuit Judges.

 Posner, Chief Judge.  The plaintiff, Lee, filed
two insane complaints charging the United States
and China with a conspiracy to "bio-chemically
and bio-technologically infect and invade"
various people including Lee with a mind reading
and mental torture device that Lee calls "Mind
Accessing and Torturing via Remote Energy
Transferring (MATRET)." To elude MATRET, Lee
claims to have developed a variety of space
technologies, oddly including an email system and
nanny services, that will enable the victims of
MATRET to relocate to MATRET-free planets. The
district judge dismissed the suits as frivolous,
but granted Lee leave to appeal in forma
pauperis.

 We have held that "the granting of leave to
appeal in forma pauperis from the dismissal of a
frivolous suit is presumptively erroneous and
indeed self-contradictory," Tolefree v. Cudahy,
49 F.3d 1243, 1244 (7th Cir. 1995), but that was
before the Prison Litigation Reform Act amended
28 U.S.C. sec. 1915, the statute governing
proceedings in forma pauperis in the federal
courts. The standard for refusing to permit an
appeal to be taken in forma pauperis is that the
appeal be certified by the district court in
writing as "not taken in good faith," 28 U.S.C.
sec. 1915(a)(3), and in Newlin v. Helman, 123

F.3d 429, 433 (7th Cir. 1997), we suggested that "good faith" is not a synonym for "frivolous." Yet the two concepts have long been explicitly equated in decisions concerning pauper status, e.g., Coppedge v. United States, 369 U.S. 438, 444-46 (1962); Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999); Lucien v. Roegner, 682 F.2d 625, 626 (7th Cir. 1982) (per curiam); Wooten v. District of Columbia Metropolitan Police Dept., 129 F.3d 206, 208 (D.C. Cir. 1997); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 455 n. 6 (3d Cir. 1996); Drummer v. Luttrell, 75 F. Supp. 2d 796, 805 (W.D. Tenn. 1999), though only Celske and Urrutia arose under the PLRA. We have found only two cases, besides Newlin, that deem a determination of "good faith" to require a subjective inquiry and a determination of "frivolousness" merely an objective inquiry, Hyche v. Christensen, 170 F.3d 769, 770 (7th Cir. 1999); Jaffe v. United States, 246 F.2d 760, 761 (2d Cir. 1957) (L. Hand, J.), and only one is a PLRA case. The district court thought that because Lee does not appear to be faking madness, a la Hamlet, there is no ground for supposing him to be acting in subjective bad faith in filing his fantastic lawsuits. But he is acting in bad faith in the more common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit.

The Prison Litigation Reform Act was intended to reduce, not increase, the number of frivolous suits, and although the concern was with frivolous suits by prisoners and Lee is not a prisoner, it is hardly likely that Congress took the occasion to expand the rights of nonprisoner frivolous filers--a particularly pertinent observation since Lee filed five suits in 1999 and an unknown number previously (and no doubt subsequently). Moreover, the PLRA did not change a word in the standard for denial of in forma pauperis status on appeal, but merely shifted it to a different subsection of 28 U.S.C. sec. 1915. The law was clear that "good faith" as it appeared in the identical provision of the pre-amended statute was an objective concept, a synonym for frivolous. Besides Coppedge and the other cases cited earlier, see, e.g., Ellis v. United States, 356 U.S. 674 (1958) (per curiam); Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988); DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991); Oatess v. Sobolevitch, 914 F.2d 428, 430 n. 4 (3d Cir. 1990); Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (per curiam). It would be odd for Congress, having reenacted this much-construed term without change, to have intended to alter its meaning.

Odd, not impossible. For the PLRA changed another subsection of section 1915, subsection (d), which had provided that "the court may request an attorney to represent any such person [i.e., an indigent] unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious" (emphasis added). This language now appears not in 1915(d) but, slightly altered, distributed between two other subsections of 1915: subsection (e)(1) ("the court may request an attorney to represent any person unable to afford counsel") and subsection (e)(2)(B)(i) ("the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious") (emphasis added). Newlin did not remark the words that we have italicized, but may have been influenced by them. The argument would be that since subsection (e)(2)(B)(i) expressly permits dismissal of an appeal that is frivolous, while subsection (a)(3) provides that an appeal may be taken only in good faith, there are different standards for dismissing an appeal and permitting it to be taken in the first place. And the question for the district judge in the present case was whether to permit Lee to appeal: not whether to dismiss the case as frivolous (which she had done), or (for us) to dismiss the appeal as frivolous, but whether the appeal was taken in good faith.

But we find this statutory analysis, which seems to us the strongest and indeed the only argument that can be made in support of Newlin, unpersuasive. Without the words "or appeal" it would be apparent that Congress had not made any material change in the standard for allowing an appeal to be taken in forma pauperis. It is unrealistic to suppose that the words were added in order to make that standard looser, so that more frivolous appeals could be taken. An interpretation more consistent with the thrust of the PLRA is that "or appeal" was added to make clear that just because the district court may have certified that the appeal was taken in good faith (that is, nonfrivolous), the court of appeals could make its own determination that the appeal was frivolous and so dismiss it, as we did in Tolefree v. Cudahy, supra, for example. This was implicit in the old subsection (d); the new subsection (e)(2)(B)(i) merely makes this explicit. There is no reason why obviously frivolous appeals such as Lee's, appeals bound to be dismissed as soon as the appellate judges get hold of them, should have to be authorized by the district judge just because the appellant is a lunatic in the literal sense of the word.

Because we are overruling so much of Newlin and

Hyche as is inconsistent with our interpretation of the statute, we have circulated the opinion to the entire court in advance of publication, in accordance with 7th Cir. R. 40(e). No judge in regular active service voted to hear the case en banc.

Lee should not have been permitted to appeal in forma pauperis, but since his suits as well as the appeals are frivolous, we summarily affirm their dismissal by the district court.