**William J. PERRY, Plaintiff–Appellant,**

v.

**MILWAUKEE PUBLIC SCHOOLS, et al., Defendants–Appellees.**

Nos. 01–1106, 01–1107, 01–1108.

United States Court of Appeals, Seventh Circuit.

Submitted June 18, 2001.*

Decided June 18, 2001.

Before MANION, ROVNER, and EVANS, Circuit Judges.

ORDER

The Reverend Doctor William Perry appeals the district court's sua sponte dismissal pursuant to 28 U.S.C. § 1915 of three lawsuits relating to the decision of the Board of School Directors of the Milwaukee Public Schools to deny charter school status for Perry's "Elimika Institute of Cognitive Intelligence." We affirm.

By the time Perry filed the complaints at issue in this appeal, he had already filed 16 lawsuits during the summer of 2000, all of which had been dismissed as frivolous or for failure to state a claim. Although his complaints in the three lawsuits on appeal are incoherent, it seems Perry believes that his institute was unlawfully denied charter school status, and that the Wisconsin Department of Public Instruction did not prevent or adequately sanction a private school that allegedly fired Perry based on his religious beliefs. In dismissing these actions prior to service, the district court first reasoned that Perry had "failed to articulate a valid statutory or constitutional basis" for any of his claims. Next, the court concluded that the suits were frivolous because the complaints "contain allegations so bizarre, rambling, and disjointed as to defy interpretation." The court additionally barred Perry, pursuant to the dictates of *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir.

---

* After an examination of the briefs and the records, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and the records. *See* Fed. R.App. P. 34(a).

1995), from filing further cases or pleadings in the Eastern District of Wisconsin. The court then determined that, despite the fact that Perry's lawsuits were frivolous, he deserved *in forma pauperis* status on appeal.

 As a preliminary matter, we note that the district court should not have granted Perry *in forma pauperis* status after concluding that the lawsuits were frivolous. *Lee v. Clinton*, 209 F.3d 1025, 1027 (7th Cir.2000). Nonetheless, Perry's arguments on appeal are no less incoherent than the allegations in his complaints. He offers no cogent argument, legal or otherwise, challenging the district court's dismissal of his suits or the court's order barring the filing of any future lawsuits pursuant to *Mack*, 45 F.3d at 186. Yet even pro se litigants must put forward in an appellate brief some comprehensible legal argument regarding the district court's decisions. *Mathis v. New York Life Ins.*, 133 F.3d 546, 548 (7th Cir.1998). Because Perry has provided no arguable reason to reverse the dismissal of his frivolous complaints, we affirm the district court's judgments.

AFFIRMED