## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

DWAUNE J. GRAVLEY,

      Plaintiff-Appellant,

v.

LARRY HUNTER, CEO of Direct TV; RANDALL STEPHENSON, CEO of AT&T; JEFFREY ZUCKER, "Jeff" President of CNN; PHILIP T. GRIFFIN, "Phil" President of MSNBC; RUPERT MURDOCH, CEO of Fox News; CHRIS MCCARTHY, President of VH1; GEORGE BODENHEIMER, CEO, and Acting Chairman of ESPN; BRIAN ROAPP, CEO of NFL Networks; BERNARDO GOMEZ, Co-CEO of Televisa; ALFONSO DE ANGOITIA, Co-CEO of Televisa; SEAN L. ATKINS, President of MTV; STEPHEN B. BURKE, CEO of NBC; BEN SHERWOOD, CEO of ABC; JOHN K. MARTIN, CEO and Current Chairman of TNT; JOHN LANDGRAF, CEO of FX Networks; PAUL RYAN, House Speaker; and ALL OTHER CEO'S, of the unnamed channels provided by Prison Admax, Florence Colorado,

      Defendants-Appellees.

No. 18-1246
(D.C. No. 1:18-CV-00171-LTB)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

In this suit, Mr. Dwaune J. Gravley alleges that television networks and public figures are secretly "branding" him as a sexual predator. According to Mr. Gravley, he discovered this branding by deciphering a secret code used on television. The district court *sua sponte* dismissed the suit as frivolous, leading Mr. Gravley to appeal and move for leave to proceed in forma pauperis. We dismiss the appeal and deny the motion.

Because Mr. Gravley proceeded in forma pauperis in district court, the court must dismiss the suit or the appeal if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A suit or appeal is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

---

[*] Mr. Gravley requests oral argument, but it would not materially aid in our decision. We are therefore deciding the appeal based on Mr. Gravley's appeal brief and the record. *See* Fed. R. App. P. 34(a)(2); Tenth Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); Tenth Cir. R. 32.1(A).

We review the district court's ruling for an abuse of discretion. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In our view, the dismissal obviously fell within the district court's discretion because Mr. Gravley's factual contentions were unbelievable. We therefore dismiss the appeal as frivolous.[1]

Though we dismiss the appeal, we must consider Mr. Gravley's request for leave to proceed in forma pauperis. Mr. Gravley lacks enough money to prepay the filing fee, but we can grant leave to proceed in forma pauperis only if Mr. Gravley acted in good faith. 28 U.S.C. § 1915(a)(3). We consider good faith under an objective standard, so a frivolous appeal is—by definition—made in bad faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Because we have already characterized the appeal as frivolous, we deny Mr. Gravley's request for leave to proceed in forma pauperis. *See Lee v. Clinton*, 209 F.3d 1025, 1026–27 (7th Cir. 2000) (holding that a frivolous suit is, by definition, not taken in good faith for purposes of leave to proceed in forma pauperis).

---

[1] The district court's dismissal and ours count as two "prior occasions" for future requests for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(g); *see also Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."), *overruled on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).

Entered for the Court


Robert E. Bacharach
Circuit Judge