Bruce F. WOOTEN, Appellant

v.

DISTRICT OF COLUMBIA METRO-
POLITAN POLICE DEPART-
MENT, et al., Appellees

No. 97–7103.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 18, 1997.

Bruce F. Wooten, pro se, was on the motion to proceed in forma pauperis.

Before: WALD, SILBERMAN, and RANDOLPH, Circuit Judges.

RANDOLPH, Circuit Judge:

Bruce Wooten, a frequent filer, is a prisoner appearing *pro se*. A district court order barred him from filing another civil action unless he sought the district court's leave, and unless he certified "that any such complaint raises new matters never before decided on the merits by any federal court." Wooten tried to file a new complaint without complying with the order. The district court denied him leave. After Wooten filed a notice of appeal from the denial, the district court certified that his appeal was not taken in good faith. *See* FED. R.APP. P. 24(a). The Clerk of the court of appeals issued an order giving Wooten three choices: pay the $105 docketing fee; file a motion to proceed *in forma pauperis*, with a signed form consenting to collection of the fee from Wooten's prison trust account, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act; or suffer dismissal of his appeal for lack of prosecution. Wooten chose option two, filed his motion with this court, sent in his consent form and requested the appointment of counsel.

■ This sequence of events, though hardly uncommon, raises several issues of first impression in our court concerning amended § 1915. The first issue deals with § 1915(a)(3)—"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Does this provision, a half-century old and unchanged by the Prison Litigation Reform Act of 1995, still apply to prisoner-litigants like Wooten? The Sixth Circuit holds that it does not, in light of § 1915(b)(1): "Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997); *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir.1997). Section 1915(b)(1), according to the Sixth Circuit, renders all of § 1915(a) inapplicable to prisoners appealing *in forma pauperis*. We join the Fifth Circuit, *see Baugh v. Taylor*, 117 F.3d 197 (1997), and the Seventh, *see Newlin v. Helman*, 123 F.3d 429, 432 (1997), in rejecting this conclusion. The notwithstanding clause of § 1915(b)(1) "addresses a particular element of subsection (a), concerning the collection of the filing fee, and provides that prisoners (unlike other plaintiffs) always must pay in full, although other parts of subsection (b) permit much of the payment to be deferred." *Newlin*, 123 F.3d at 432. As to prisoners, then, the PLRA changes the meaning of *in forma pauperis*. Lack of financial resources no longer excuses them from paying the full filing fee for an appeal. The designation of *in forma pauperis* entitles prisoners to satisfy the $105 charge on an installment plan. The purpose of § 1915(b) is to deter frivolous litigation brought by prisoners *in forma pauperis*. *See In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir.1997). The purpose of § 1915(a)(3) is not simply to deter, but to preclude prisoners (and nonprisoners) from taking appeals *in forma pauperis* when they attempt to do so in bad faith.

■ Since § 1915(a)(3) continues to apply, and since the district court certified that Wooten's appeal was not taken in good faith, Wooten must pay the full filing fee to save his appeal from dismissal, unless the certification is set aside. The "unless" qualification is necessary in light of FED. R.APP. P. 24(a), paragraph 3 of which provides litigants in Wooten's position a means to challenge the district court's finding of lack of good faith. Under Rule 24(a), if a district court denies a litigant leave to appeal *in forma pauperis*, the litigant may file a motion in the court of appeals to proceed in that status within 30 days after service of notice of the district court's action.

This raises the next question: should our decision on a Rule 24(a) motion precede assessment and collection of the filing fee? Again, we agree with the Fifth and Seventh Circuits that it should. *See Baugh*, 117 F.3d at 200–01; *Newlin*, 123 F.3d at 433. Logic dictates as much. The terms of payment will depend upon how the Rule 24(a) motion is decided. Here Wooten noted his appeal on June 19, 1997; the order certifying his appeal as not in good faith was entered on June

30; and Wooten filed his Rule 24(a) motion on July 29. Whether Wooten would wish to pursue his appeal if we refused to allow him to proceed *in forma pauperis,* in other words if we sustained the district court's certification, remains to be seen. In the event we did so rule, the $105 would be due and payable immediately; Wooten's failure to pay would result in the dismissal of his appeal. On the other hand, if we disagreed with the district court and found the appeal in good faith, Wooten could proceed *in forma pauperis* by paying the initial assessment and having his prison account docked for the balance (§ 1915(b)).

We therefore proceed to Wooten's Rule 24(a) motion. "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States,* 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958); *see Sills v. Bureau of Prisons,* 761 F.2d 792, 795 (D.C.Cir.1985); *but see Newlin,* 123 F.3d at 433. Here, Wooten's repeated filing of the same complaint led to the district court's order barring him from filing any new complaints unless he satisfied conditions. Wooten never challenged the injunctive order on appeal nor has he moved to have it modified. He thus had a duty to comply with the order. *See Walker v. City of Birmingham,* 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967). Because Wooten disobeyed the injunction, the district court correctly determined that his appeal from the order refusing to allow his complaint to be filed was not taken in good faith.

Accordingly, Wooten may not proceed on appeal *in forma pauperis.* He therefore cannot defer payment of the filing fee pursuant to § 1915(b). If he is foolish enough to pay $105 to have us say essentially what we have already said about his case, his appeal may proceed. But if he fails to pay this amount within 14 days of receipt of our opinion and order, his appeal shall be dismissed. *See* Fed. R.App. P. 3(e).

*So ordered.*