**Alvin Darrell SMITH, Appellant,**

v.

**DISTRICT OF COLUMBIA,**
**et al., Appellees.**

No. 97–7232.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 5, 1999.

Decided June 25, 1999.

Caroline M. Brown, appointed by the court, argued the cause and filed the brief as amicus curiae on behalf of appellant.

Alvin D. Smith, appearing pro se, was on the briefs for appellant.

Mary L. Wilson, Assistant Corporation Counsel, argued the cause for appellees. With her on the brief were John M. Fer-ren, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel.

Before: GINSBURG, SENTELLE and RANDOLPH, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Pursuant to the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), the district court denied appellant Alvin Darrell Smith's application to proceed *in forma pauperis* in his civil suit against prison officials, and dismissed his complaint without prejudice to his bringing a paid complaint. Smith appeals the district court's order, and seeks to proceed *in forma pauperis* on appeal. We conclude that he is not entitled to *in forma pauperis* status in this court. We also conclude that our denial of *in forma pauperis* status does not make Smith liable for fees, although he must of course pay the required fees in full if he wishes to proceed with his appeal.

## I. Background

Appellant Smith is a prisoner of the D.C. Department of Corrections. On August 14, 1997, Smith mailed a complaint to the U.S. District Court, bringing suit against the District of Columbia, the D.C. Department of Corrections, and several correctional officers. Smith alleged that his civil rights were violated under 42 U.S.C. § 1983 when he was not allowed to bring religious and educational materials when transferred from Lorton Correctional Complex to a facility in Ohio. Smith's complaint was accompanied by an application to proceed *in forma pauperis*, and a prison trust account report for the one-and-a-half-month period he had been at the new facility.

On September 5, 1997, a district court judge issued an order allowing the provisional filing of the complaint, but requiring Smith to provide the court with a prison trust account report from his previous in-

stitution. However, on October 30, 1997, a second judge issued an order denying the application to proceed *in forma pauperis* on the ground that Smith on at least three previous occasions had brought civil actions that were dismissed as frivolous, malicious, or for failure to state a claim, so that he could not proceed *in forma pauperis* under 28 U.S.C. § 1915(g). The district court cited two cases in which Smith was plaintiff that were dismissed for failure to state a claim on August 29, 1997 (CA No. 97–1987 and CA No. 97–1988) and one which was dismissed for failure to state a claim on October 16, 1997 (CA No. 97–2485). After denying *in forma pauperis* status, the order dismissed the complaint without prejudice to Smith's right to file a paid complaint.

Smith filed a notice of appeal encompassing the current action as well as the three previously dismissed cases to which the district court's order referred. The appeals from the three earlier decisions were dismissed for lack of prosecution. Nos. 97–7233, 97–7231, 97–7230 (D.C.Cir. July 23, 1998). On August 17, 1998, Smith's application to proceed *in forma pauperis* in this case was referred to this panel, and an amicus was appointed on Smith's behalf.

## II. The Three–Strikes Determination

■ Because Smith has not paid the required fees in this court, our first question is whether he is entitled to proceed *in forma pauperis* here. The District claims that 28 U.S.C. § 1915(g) prevents Smith from proceeding *in forma pauperis*. Under that section, prisoners with three or more so-called "strikes" may proceed *in forma pauperis* only in very limited circumstances:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In the government's view, the three dismissals cited by the district court all count as "strikes" under this provision, since they were all for failure to state a claim.[1] However, amicus argues that none of these three dismissals should count as strikes. In amicus's view, this result follows from two propositions, both of which amicus urges us to adopt. First, amicus asserts that we should recognize that the three-strikes determination must be based on the situation at the time an appeal or complaint is filed, even if, as here, the decision regarding *in forma pauperis* status is actually made some time later. Second, amicus urges that dismissals should not count as strikes until appeal has been exhausted or waived. Amicus claims that if these two propositions are accepted, the three cited dismissals do not count as strikes.

■ However, we conclude that even assuming that we accepted amicus's two propositions as a general matter, each of the three cited dismissals here would nonetheless count as strikes, because the time for appeal of those dismissals had expired when this appeal was filed. The first two of the dismissals in question occurred on August 29, 1997, while the third occurred on October 16, 1997. Under F.R.A.P. 4(a)(1), the notice of appeal in a

---

1. In addition to the three dismissals cited by the district court, the government argues that two other dismissals, both prior to the enactment of the Prison Litigation Reform Act, should count as strikes. Furthermore, our own examination reveals that Smith has actually been the plaintiff in a total of seventeen civil actions while incarcerated. Because we conclude that the three dismissals cited by the district court all count as strikes under § 1915(g) for the purposes of this appeal, we need not decide whether Smith has other strikes as well.

civil action must be filed within 30 days of the challenged order or judgment. A notice of appeal by an inmate is treated as timely if it is deposited in the institution's internal mail system on or before the last day for filing. F.R.A.P. 4(c)(1). The 30–day time limit is " 'mandatory and jurisdictional.' " *Browder v. Director, Dep't of Corrections of Illinois*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)). Here, the notice of appeal of the three dismissals and the present case was dated December 6, 1997, and was received by the district court on December 11, 1997. Amicus argues that we cannot determine whether the appeals from the three earlier dismissals were timely because it is not apparent from the record on what date Smith mailed the notice of appeal. But even if it is unclear precisely when the notice of appeal was placed in the mail, it is clear that it could not have been before December 6, the date Smith completed the notice. Amicus also points out that the record "does not indicate whether" any motions were filed which would have tolled the time for filing a notice of appeal under F.R.A.P. 4(a)(4). Amicus Br. at 12 n.3. But given that the docket contains no mention of any such motions, it is not clear what other "indication" amicus would want. Thus December 6 is the earliest possible effective date of filing, which places Smith's attempted appeals of the three earlier dismissals well outside the 30–day period provided by F.R.A.P. 4(a).[2]

Despite the fact that Smith did not appeal the three dismissals at issue within the time period provided by F.R.A.P. 4(a), amicus urges that the dismissals should not count as strikes given that Smith filed notices of appeal of those dismissals at the same time he filed his notice of appeal in this case. In amicus's view, those dismissals should not count as strikes because their appeal was "pending" when the present appeal was filed. In other words, amicus would have us allow a prisoner to convert what would otherwise have been a strike into a non-strike by filing an untimely notice of appeal. Clearly, to accept this argument would provide an avenue for prisoners to effectively circumvent the three-strikes provision. A prisoner barred from proceeding *in forma pauperis* by the existence of previous strikes could avoid the intended consequences of § 1915(g) by filing untimely appeals of the dismissals constituting strikes. Amicus offers no statutory justification for this view, and we decline to adopt it. Even if district court dismissals do not count as strikes while appeal is available, once the time for appeal has expired, that is the end of the matter, and untimely attempts to appeal do not change the situation. At the time this appeal was filed, Smith had at least three previous dismissals in the district court for failure to state a claim, and the time for appeal of those dismissals had expired. It is of no import that the appeals of the three dismissals at issue were

2. It may well be that Smith's appeal in this case was also untimely. However, because we determine that Smith is not entitled to proceed *in forma pauperis*, we do not actually reach this issue. Although Rule 4's timeliness requirements are jurisdictional, determination of *in forma pauperis* status is in a sense logically antecedent to the timeliness determination—an appellant who has neither paid the full fees required nor been granted *in forma pauperis* status is not entitled to have this court consider his appeal at all, even to note untimeliness. We do not decide whether *in forma pauperis* status is itself a jurisdictional issue. *But see Garcia v. Silbert*, 141 F.3d 1415, 1417 n.1 (10th Cir.1998) (stating that

§ 1915(g) is not jurisdictional and electing to reach merits although § 1915(g) precluded appellant from proceeding without fee payment); *Jackson v. Stinnett*, 102 F.3d 132, 136 (5th Cir.1996) ("[T]here is no indication that Congress meant the new i.f.p. requirements to be jurisdictional."). However, we do conclude that satisfaction of this court's fee requirements, either by full payment or by a grant of *in forma pauperis* status and submission of the initial partial payment required by § 1915(b), is an administrative hurdle that we may properly require an appellant to clear before considering even our jurisdiction to actually hear the appeal.

actually dismissed for nonprosecution rather than untimeliness. The district court dismissals should not fail to count as strikes simply because the untimely appeals of those dismissals suffered from other flaws as well. Thus even if amicus is correct that we must assess the situation at the time of filing, and that strikes do not count as long as appeal is available, these propositions are of no help to Smith.

### III. Liability for Fees

■ Having concluded that Smith is not entitled to proceed *in forma pauperis,* we face the question of whether he now becomes liable for the full filing and docketing fees, or whether he need only pay the fees if he seeks to proceed with his appeal. Under the PLRA, a prisoner allowed to proceed *in forma pauperis* no longer escapes liability for fees. He is simply permitted to pay the fees in installments rather than in a single payment. 28 U.S.C. § 1915(b). Smith, however, is *not* being allowed to proceed *in forma pauperis.* Thus, he must pay the full fees in advance if he wishes to pursue his appeal. But must he also pay the full fees even if he does not pursue his appeal?

Section 1915(b)(1) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(a)(3). Thus the question is whether when a prisoner files a notice of appeal and application to proceed *in forma pauperis,* and his application is denied, we will treat him as having "file[d] an appeal in forma pauperis" so that the fee requirement attaches. *Id.* Although some courts have required prisoners to pay the full filing fee whenever their *in forma pauperis* application is denied, *see Newlin v. Helman,* 123 F.3d 429, 434 (7th Cir.1997); *Henderson v. Norris,* 129 F.3d 481, 483 (8th Cir.1997); *Leonard v. Lacy,* 88 F.3d 181, 184 (2d Cir.1996), it has not been our practice to do so. For example, in *Wooten v. District of Columbia Metropolitan Police Department,* 129 F.3d 206 (D.C.Cir.1997), we considered a prisoner's attempt to proceed *in forma pauperis* on appeal after the district court had certified that the appeal was not taken in good faith. We agreed that the appeal was not in good faith and therefore that Wooten could not proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(3). But we did not then require him to pay the fees, instead noting that he could choose to pay the $105 fees and pursue his appeal, or that if he did not pay within 14 days, his appeal would be dismissed. Indeed, given what we perceived as the appeal's apparent lack of merit, we suggested that it would be "foolish" for Wooten to pay the fees and proceed. *Wooten,* 129 F.3d at 208. *See also In re Smith,* 114 F.3d 1247 (D.C.Cir.1997). Similarly, several other circuits appear to follow the practice of denying *in forma pauperis* status without requiring fee payment. *See, e.g., Rodriguez v. Cook,* 169 F.3d 1176, 1182 (9th Cir.1999); *Banos v. O'Guin,* 144 F.3d 883, 885 (5th Cir.1998); *Keener v. Pennsylvania Bd. of Probation & Parole,* 128 F.3d 143, 145 (3d Cir.1997).

■ In accordance with our past practice, we will not require fee payment here, unless Smith wishes to proceed with his appeal. Section 1915(b)(1) imposes fee liability when "a prisoner brings a civil action or files an appeal in forma pauperis." 28 U.S.C. § 1915(b)(1). This wording differs significantly from that of subsection 1915(a)(2), which requires a prisoner to file an affidavit of poverty and certified copy of his prison trust fund account whenever "*seeking* to bring a civil action or appeal a judgment in a civil action" *in forma pauperis. Id.* § 1915(a)(2) (emphasis added). While Smith is clearly *seeking* to proceed *in forma pauperis,* we will not treat him as having "filed an appeal in forma pauperis" when he has not been granted *in forma pauperis* status and his appeal has not been considered.[3] For the present pur-

---

**3.** He will, however, have filed a notice of appeal, so that our conclusion has no implica-

pose, we will deem a prisoner to have "file[d] an appeal in forma pauperis" as soon as he has both filed a notice of appeal and been granted *in forma pauperis* status, but not before.

Although requiring prisoners denied *in forma pauperis* status to pay the full fees even though their appeal is not considered would arguably provide an additional deterrent to prisoner filings, our disposition here can hardly be viewed as encouraging prisoner appeals. Unless he pays the required fees, Smith's appeal will be dismissed. In addition, our conclusion that Smith has three strikes will allow summary treatment of any future applications for *in forma pauperis* status. In our view, requiring prisoners to pay the full fees in such situations would create either administrative difficulty or an incentive for the prisoners to continue to pursue their appeals. If a prisoner did not have sufficient funds to pay the fees, requiring immediate payment in full would result primarily in an ongoing collection effort for the office of the clerk of this Court. If, on the other hand, a prisoner was able to pay the fees in full, our requiring him to do so whether or not he proceeded with his appeal would leave him no disincentive to proceeding—if the prisoner would be responsible for the full fees in any case, it would only make sense for him to continue to pursue his appeal. In contrast, by imposing the fees only if a prisoner who has been denied *in forma pauperis* status proceeds further, our approach should give such a prisoner every incentive to consider carefully whether his appeal warrants further pursuit.

### IV. Conclusion

Because Smith had three strikes at the time he filed this appeal, we deny his application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). If he pays the filing fee within fourteen days of receiving the court's opinion and order, then his appeal may proceed. If not, then

tions for when the appeal is filed for purposes of F.R.A.P. 4.

it will be dismissed. *See Wooten,* 129 F.3d at 208.