*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2002 FED App. 0124P (6th Cir.)
File Name: 02a0124p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: JACTA EST ALEA,
formerly known as Uriah
Marquis Pasha,
         *Petitioner.*

No. 00-5960

Filed: April 11, 2002

Before: KENNEDY, KRUPANSKY, and DAUGHTREY,
Circuit Judges.

---

**ORDER**

---

The petitioner is a Kentucky inmate whose *pro se* prisoner's civil rights action was dismissed by the district court under the three-strikes provision of 28 U.S.C. § 1915(g). He states that the district court has been collecting money from his prison account for payment of the filing fee. Asserting that he is not required to pay the filing fee for an action dismissed under § 1915(g), he now seeks from this court a writ of prohibition preventing further collections of money from his prison account for that purpose.

The petitioner submitted his complaint to the district court accompanied by an application for leave to proceed *in forma*

1

*pauperis.* The district court determined that the petitioner had had three prior civil actions dismissed as frivolous and therefore denied the petitioner pauper status under § 1915(g). The court gave the petitioner thirty days in which to pay the filing fee in full and stated the failure to do so would result in the dismissal of his action. The fee was not paid, and the action was dismissed. No appeal was taken.

Several months later, the petitioner filed in the district court a "Notice of Illegal Filing Fees Pending and Request for Order Rescinding" in which he asserted that prison authorities were collecting the filing fee for the dismissed action from his prison account and sending it to the district court.[1] He asked the district court to rescind any order requiring the payment of the filing fee on the ground that he had not been permitted to proceed *in forma pauperis* and, as a consequence, no filing fee was due. The district court denied that request, holding that the obligation to pay the filing fee arose at the time the petitioner submitted his complaint to the district court and that the subsequent dismissal of that action did not relieve the petitioner of the duty to pay the fee in full by subsequent deductions from his prison account. The present petition for a writ of prohibition followed.

A writ of prohibition "is a drastic and extraordinary remedy which should be granted only when the petitioner has shown his right to the writ to be clear and indisputable . . . ." *In re Grand Jury Proceedings, Vargas*, 723 F.2d 1461, 1468 (10th

---

[1] In the meantime, the petitioner had filed with this court a petition for a writ of mandamus asserting the district court had improperly assessed an initial filing fee under § 1915(b) and then dismissed his action under § 1915(g). The district court, however, had not assessed any fees under § 1915(b). Instead, it had applied the three-strikes provision of § 1915(g), directed the petitioner to pay the full filing fee, and then dismissed the action when the petitioner failed to pay that fee. The mandamus petition was therefore dismissed. *See In re Pasha*, Nos. 99-6170/6385 (6th Cir. May 11, 2000) (unpublished order). Although that order noted that "no assessment against the petitioner's prison account has been made" (p. 4), that language should be read as meaning no assessment had been made under § 1915(b) – the focus of the mandamus petition.

It therefore is **ORDERED** that the petition for a writ of prohibition is denied.

ENTERED BY ORDER OF THE COURT


/s/ Leonard Green

_____

Clerk

Although the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair. A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions – whatever their merit or disposition – will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints – thus taking much valuable time away from other non-frivolous litigation – without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

In summary, we conclude the district court properly applied the three-strikes provision in this action by assessing the full filing fee against the petitioner and giving him 30 days in which to pay that fee before dismissing the action. We also conclude the district did not exceed its authority or abuse its discretion by assessing the full filing fee for that action against the petitioner's prison account.

---

in *Smith* to be persuasive in this matter.

Cir. 1983). It can be used only "in exceptional circumstances amounting to a judicial usurpation of power." *Union Light, Heat and Power Co. v. United States District Court*, 588 F.2d 543, 544 (6th Cir. 1978). We conclude the petitioner has not made such showings in this case.

In the Prisoner Litigation Reform Act of 1995 (the "PLRA"), Congress amended 28 U.S.C. § 1915 by adding language requiring all prisoner litigants to pay the full filing fees for civil actions and appeals. The intent of the amendment was to deter frivolous and vexatious prisoner litigation by exposing prisoners to the same financial risks and considerations faced by other litigants. *See Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997); *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996). This court noted the result of that amendment:

> Pauper status for inmates, as we previously knew it, no longer exists. While incarcerated, all prisoners must now pay the required filing fees and costs. . . . Prisoners are no longer entitled to a waiver of fees and costs.

*McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). Congress understood that many prisoners would not be able to pay the full filing fees immediately. It therefore provided that prisoners (who would have been eligible for a complete or partial waiver of fees prior to 1995) would now be assessed an initial filing fee with a requirement that the full fee be paid by means of future periodic deductions from their prison accounts. *See* 28 U.S.C. § 1915(b). A special provision (commonly called the "three-strikes provision") was added, however, for prisoner litigants who have a history of filing frivolous or malicious civil actions:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Such a litigant cannot use the periodic payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed. As a result, § 1915(g) "forbids almost all attempts by indigent prisoners to gain access to the federal courts in civil actions" if they have had three prior dismissals as described in that statute. *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999).[2]

In *McGore, supra,* this court also held that the obligation to pay the full filing fee under § 1915(b) arises at the time a civil complaint is filed and that the subsequent dismissal of the action, even if voluntary, does not negate that obligation. 114 F.3d at 607.[3] The present petition raises the issue of whether that same financial responsibility applies to actions dismissed under the three-strikes provision of § 1915(g). The petitioner, who now concedes that his action was properly dismissed under the three-strikes rule, argues that such dismissal obviated any requirement to pay the district court filing fee. For support, he focuses on the language in § 1915(g) stating that "[i]n no event shall a prisoner [having three prior strikes] bring a civil action . . . under this section." He reads that language as prohibiting the *filing* of a civil complaint subject to the three strikes provision unless the fee is paid in full. He reasons that because the fee was not paid in his case, the action was never filed and no filing fee may be assessed.

---

[2]Even if a litigant has three prior strikes, this section does permit the filing and consideration of a prisoner civil action if the litigant "is under imminent danger of serious physical injury." The petitioner, however, made no such allegation in his action.

[3]Other courts of appeals have applied the same logic to appeals, holding that the obligation to pay the full appellate filing fee arises at the time the notice of appeal is filed, and continues even though the appeal may be dismissed. *See Hall v. Stone*, 170 F.3d 706, 707-08 (7th Cir. 1999); *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (per curiam).

A more reasonable reading of the above language, however, is that a prisoner litigant with three prior strikes is not entitled to the pauper privileges generally provided by § 1915 and, more specifically, may not use the periodic payment procedure set forth in § 1915(b). Under that reading, the cited language does not bar the *filing* of the action, but only its continuation on the district court docket should the filing fee not be paid. Filing occurs when the complaint is delivered to the district court clerk, *see Toler v. Toler*, 999 F.2d 140, 142 (6th Cir. 1993), and the obligation to pay the filing fee arises at that time. The subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full. *See Newlin v. Helman,* 123 F.3d 429, 434 & 436 (7th Cir. 1997), *cert. denied*, 522 U.S. 1054 (1998)(filing of notice of appeal by litigant subject to § 1915(g) incurs obligation to pay appellate filing fee and such fee remains due even if the appeal is dismissed for failure to pay that fee within time set by court of appeals)[4]; *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 830 (W.D. Tenn. 1998) (obligation to pay full filing fee accrued at time plaintiff mailed complaint to district court and subsequent dismissal of the action under § 1915(g) did not relieve litigant of that obligation).[5]

---

[4]Although the Seventh Circuit has overturned other holdings in *Newlin*, *see Walker v. O'Brien*, 216 F.3d 626, 628-29 (7th Cir.), *cert. denied*, 531 U.S. 1029 (2000) and *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000), this holding has not been overturned.

[5]We are aware that the Court of Appeals for the District of Columbia held in *Smith v. District of Columbia*, 182 F.3d 25, 29-30 (D.C. Cir. 1999), that a prisoner appealing the dismissal of an action under § 1915(g) is not liable for payment of the appellate filing fee unless he decides to proceed with the appeal, *i.e.*, that the mere filing of a notice of appeal did not create such a liability. In reaching that decision, however, the court relied upon language found in § 1915(b) and made its decision "[i]n accordance with [its] past practice" of not requiring the payment of an appellate filing fee after the court had denied pauper status on appeal. It did not address the issue under the particular context of § 1915(g). Also, the "past practice" of that court is contrary to the holding of this court in *McGore, supra*. For those reasons, we do not find the decision