**Anselmo DE LA GARZA,**
**Plaintiff–Appellant,**

v.

**Rebecca DE LA GARZA,**
**Defendant–Appellee.**

No. 03–3811.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 3, 2004.*

Decided Feb. 19, 2004.

Anselmo De La Garza, pro se, Henry Hill Correctional Center, Galesburg, IL, for Plaintiff–Appellant.

Before RIPPLE, KANNE, and DIANE P. WOOD, Circuit Judges.

**ORDER**

Anselmo De La Garza, an inmate at the Henry Hill Correctional Center in Galesburg, Illinois, filed this action in the Unit-

---

* Appellee Rebecca De La Garza was never served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

ed States District Court for the Northern District of Illinois. In his complaint, he alleged that his daughter-in-law, Rebecca De La Garza, had breached a written agreement to manage his funds during his incarceration. According to Mr. De La Garza, Mrs. De La Garza did not use his money for his benefit, but instead drained his bank account of more than $140,000 and converted the funds for her own use. After granting Mr. De La Garza's petition to proceed *in forma pauperis*, 28 U.S.C. § 1915(b), the district court concluded that it did not have subject matter jurisdiction because of diversity of citizenship between the parties. Despite this conclusion, it then dismissed the action for failure to state a claim upon which relief could be granted. It also imposed a "strike" against the plaintiff. *See* 28 U.S.C. § 1915(g).

Mr. De La Garza submits that the district court had subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331, or under the diversity of citizenship statute, 28 U.S.C. § 1332. An examination of the complaint makes it clear that neither of these jurisdictional bases is available to him. With respect to federal question jurisdiction, Mr. De La Garza's complaint simply alleges an action under state law, not federal law.[1] The complaint's conclusory statement that Mrs. De La Garza violated his rights under the First, Fourth, Sixth and Fourteenth Amendments is hardly sufficient to transform this complaint into one stating a federal cause of action. *See Oak Park Trust & Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir.2000) ("feeble" RICO claim was "so transparent an attempt to move a state-law dispute to federal court" that it

did not "arise under" federal law). With respect to diversity jurisdiction, the district courts may not exercise jurisdiction on this basis when both the plaintiff and the defendant are citizens of the same state. *See Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1318 (7th Cir. 1997). Mr. De La Garza does not dispute that both he and Mrs. De La Garza are citizens of Illinois.

Although the district court correctly determined that the case was without merit and, indeed, frivolous, it erred in basing its dismissal on a failure to state a cause of action. Rather, the dismissal should have been based on a lack of subject matter jurisdiction. Although dismissal for want of jurisdiction is not a ground specifically enumerated in § 1915(g), a strike is nevertheless permissible when the assertion of jurisdiction is frivolous. As we explained in *Okoro v. Bohman*, 164 F.3d 1059, (7th Cir.1999), the "term 'frivolous' is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained." *Id.* at 1063. As we have noted earlier, there is no possible ground upon which a reasoned argument can be made to sustain the jurisdiction of the district court. Mr. De La Garza's action is certainly one that "clearly can't be maintained" in federal court. There is no basis for federal question or diversity jurisdiction. The district court correctly imposed a "strike."

Given the confusing nature of the district court's order, however, we decline to impose a further "strike" on appeal. We cannot say that Mr. De La Garza was without a basis for seeking further review of the confusing ruling. Accordingly, no strike is imposed for this appeal.

---

1. *See In re Estate of Savage*, 259 Ill.App.3d 328, 197 Ill.Dec. 575, 631 N.E.2d 797, 799 (Ill.App.Ct.1994) (recognizing claim for breach of fiduciary duty against daughter who obtained power of attorney over father's bank account and then used funds for personal use).

The district court's judgment is modified to reflect that the dismissal is on the ground of want of subject matter jurisdiction. As modified, the judgment of dismissal is affirmed.

AFFIRMED