*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0411p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

L.C. COHEN,

               *Plaintiff-Appellant,*

     *v.*

CORRECTIONS CORPORATION OF AMERICA,

               *Defendant-Appellee.*

Nos. 06-3168/3169/3170

Filed:  October 6, 2008[*]

Before:  KEITH and COLE, Circuit Judges; STEEH, District Judge.[**]

_____

## ORDER

_____

On October 27, 2006, this court issued an opinion affirming the district court's judgment dismissing L.C. Cohen's civil rights complaint filed pursuant to 42 U.S.C. §§ 1983, 2000bb, and 2000cc-1. The district court's dismissal, and our affirmance, was based on Cohen's failure to allege exhaustion of his available administrative remedies prior to filing his complaint. Our decision was in accordance with the law of this circuit at that time.

Following our decision, Cohen filed a petition for a writ of certiorari with the United States Supreme Court. On October 1, 2007, the Supreme Court granted certiorari, vacated the decision of this panel, and remanded the case to this court for further consideration in light of *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007). We

---

[*] This order was originally issued as an "unpublished order" filed on October 6, 2008. On November 25, 2009, the court designated the order as one recommended for full-text publication.

[**] The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

requested that Cohen file a supplemental brief outlining his position which he has now filed. After careful review and consideration of *Jones*, we find that *Jones* requires reversal of our prior disposition of this case.

In *Jones*, the Court held that under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, et seq., a prisoner is not required to specifically plead or demonstrate exhaustion in his complaint. *Id.* at 921. The Court further held that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievance." *Id.* at 923. The Court found our circuit's imposition of the prerequisite to properly exhaust a claim prior to filing a complaint was "unwarranted." *Id.*

As our decision and the judgment of the district court was based on the precedents of this court that have been overruled in *Jones*, we therefore vacate our prior decision, reverse the district court's judgment, and remand the case to the district court for further proceedings.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk