NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0687n.06

No. 09-4329

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Sep 27, 2011***

LEONARD GREEN, Clerk

LESLIE CHARLES COHEN,                     )
                                          )
   Plaintiff-Appellant,                   )       ON APPEAL FROM THE
                                          )       UNITED STATES DISTRICT
   v.                                     )       COURT FOR THE NORTHERN
                                          )       DISTRICT OF OHIO
CORRECTIONS CORPORATION OF AMERICA, et    )
al.; THOMAS EDWARDS; ZACHERY CURRIER,     )
                                          )
   Defendants-Appellees.                  )
                                          )

BEFORE: ROGERS and COOK, Circuit Judges; BELL, District Judge.[*]

     ROGERS, Circuit Judge. Plaintiff L.C. Cohen, a Canadian citizen currently in federal custody, brought this action under 42 U.S.C. §1983, alleging that defendants violated his civil rights when they failed to accommodate his religious practices by serving bread along with his Passover meals.[1] The district court dismissed the case for a failure to pay the filing fee and because Cohen was not eligible for *in forma pauperis* status under the "three strikes" rule set forth in the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Court records show that Cohen had three strikes for the purposes of § 1915(g).

---

   [*] The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

   [1] Plaintiff alleges that along with his kosher meal he was served white bread, which is forbidden during the holiday. Further, Plaintiff complains that he was not served gefilte fish.

In 2005, Cohen filed this civil rights complaint pursuant to 42 U.S.C. §§ 1983, 2000bb, and 2000cc-1. R. 1. The district court dismissed the action because Cohen failed to exhaust all available administrative remedies, *Cohen v. Corrections Corp. of America*, No. 05cv1986, 2005 WL 2978743, (N.D. Ohio Nov. 3, 2005), and that dismissal was affirmed on appeal. However, the Supreme Court vacated the decision in light of *Jones v. Bock*, 549 U.S. 199 (2007), and remanded the case to this court for further consideration. *Cohen v. Corrections Corp. of America*, 552 U.S. 801 (2007). On October 6, 2008, this court remanded the case to the district court for further proceedings. *Cohen v. Corrections Corp. of America*, 588 F.3d 299 (6th Cir. 2008). The remand order was originally issued as an "unpublished order" on October 6, 2008; however, upon Cohen's motion, this court designated the order for publication on November 25, 2009. The mandate following the published opinion issued on December 15, 2009.

In October 2009, the district court dismissed Cohen's suit without prejudice, following a report and recommendation from a magistrate judge, this time for his failure to pay a filing fee or to obtain leave to file *in forma pauperis*. *Cohen v. Corrections Corp. of America*, No. 4:05CV1986, 2009 WL 3259079 (N.D. Ohio October 7, 2009). Moreover, the district court found that even if Cohen had sought leave to file *in forma pauperis,* he had "three strikes" under 28 U.S.C. § 1915(g), because three of his prior lawsuits had been dismissed as frivolous: *Cohen v. Stickman*, No. 8:96cv199, R. 55-1 at 37, in the United States District Court of Nebraska; *Cohen v. Syme*, No. 2:03cv1058, R. 55-2 at 13, in the District of Arizona; and *L.C. Cohen v. Steichen*, No. 8:96cv261, R. 55-1 at 45, in the District of Nebraska. Plaintiff filed this timely appeal.

As an initial matter, the district court had jurisdiction to issue its order of dismissal, notwithstanding this court's later publication of its remand order. This court issued an unpublished order on October 6, 2008, a certified copy of which was filed with the district court on October 8, 2008. R. 36. This constituted a mandate under Federal Rule of Appellate Procedure 41(a) & (b) and the district court had "a duty . . . to obey the terms of the mandate and to carry it into effect." *See Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Natural Res*., 71 F.3d 1197, 1202 (6th Cir.1995). Cohen never took any actions that stayed the mandate; therefore, the October 2008 mandate took effect when issued, vesting jurisdiction with the district court. This court's subsequent publication of the order did not retroactively divest the district court of jurisdiction.

Cohen appears to have requested *in forma pauperis* status. Cohen submitted a financial affidavit, albeit using an outdated court form, which explicitly states, "I am requesting to proceed without being required to prepay the entire filing fee." R. 3 at 1. Though this document did not bear the title "application" or "motion," Cohen's explicit request to proceed *in forma pauperis* is all that is required by the language of the Local Rules for the Northern District of Ohio. Local Rules for the United States District Court, Northern District of Ohio, Rule 3.15. Further, the instructions provided to prisoners seeking *in forma pauperis* status do not require a formal motion, but instead ask that the prisoner file an application on AO Form 240 along with other required forms. Appellant Br., Exhibit A. Though Cohen used what appears to be an older form, it contained all of the same information required by AO Form 240.

The district court, however, properly determined that Cohen's *in forma pauperis* action was barred because he had previously brought three actions that were dismissed as "frivolous, malicious, or [that] fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Cohen incurred two strikes when the district court for the District of Nebraska dismissed as frivolous *L.C. Cohen v. Stickman*, 8:96cv199, and *L.C. Cohen v. Steichen*, No. 8:96cv261, because Cohen was a prisoner when he filed these cases. R. 81-1 at 2, R. 82-1 at 16-27, R. 82-2 at 43. Cohen does not challenge the frivolity of these prior suits, but instead contends he was not a prisoner at the time of filing. In making this argument, Cohen ignores the prison mailbox rule under which the complaints were deemed filed when Cohen signed them on February 18, 1996 and April 25, 1996. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008), R. 82-1 at 16-27, R. 82-2 at 43. At both of those times, Cohen admits he was a prisoner. R. 81-1 at 2. The fact that Cohen paid the filing fee in *Stickman* is immaterial because "§ 1915(g) does not distinguish between prior *in forma pauperis* actions and prior actions in which the fee was paid." *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001). Therefore, Cohen incurred two strikes for *Stickman* and *Steichen*.

Cohen incurred a third strike in *Cohen v. Syme*, No. CV03-1058 (D. Ariz. Oct. 8, 2003) when that court dismissed his action for lack of jurisdiction.[2] R. 82-3 at 2-3. Cohen does not argue on appeal that a case dismissed for lack of jurisdiction cannot constitute a strike under § 1915. *See Fitts*

---

[2] Initially, the court dismissed *Syme* for Cohen's failure to plead jurisdiction, but granted Cohen leave to amend. R. 82-3 at 4-6. Instead, Cohen moved for reconsideration, which the court denied. R. 82-3 at 2-6. Although the *Syme* court labeled the dismissal as one for a failure to state a claim, the entire reasoning contained in the order addresses the jurisdictional issue. *Id.*

*v. Sicker*, 232 F. App'x 436, 440 (6th Cir. 2007) (declining to count as a strike a prior jurisdictional dismissal where the court lacked sufficient underlying facts to evaluate the dismissal). While in the ordinary case, a dismissal for a lack of jurisdiction is not a strike, *see Thompson v. DEA*, 492 F.3d 428, 437 (D.C. Cir. 2007) (stating that there is nothing necessarily frivolous in bringing an action for which there is no jurisdiction), a per se rule is not appropriate because a prisoner's invocation of federal jurisdiction in and of itself may be frivolous where there is "no possible ground upon which a reasoned argument can be made to sustain [] jurisdiction." *De La Garza v. De La Garza*, 91 F. App'x 508 (7th Cir. 2004). Counting these frivolous invocations of federal jurisdiction as strikes aligns with the PLRA's purpose, which is to reduce the burden on federal courts stemming from the tide of vexatious and burdensome prisoner litigation. *See In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). Accordingly, a dismissal where the plaintiff frivolously sought federal jurisdiction can constitute a strike.

Cohen did not raise any possible ground upon which a reasoned argument could have been made to sustain jurisdiction in *Syme*; instead he repeatedly relied on non-existent diversity jurisdiction based on his "brief incarceration in California." R. 82-3 at 2-3. The district court gave Cohen two opportunities to correct his pleading; however, Cohen persisted in his refusal to amend and accused the court of not understanding federal jurisdiction. Cohen presented no reasonable argument in support of sustaining federal jurisdiction. Further, the frivolity of Cohen's jurisdictional claim is underscored by the *Syme* court's holding that this "dismissal . . . falls within the purview of 28 U.S.C.

§ 1915(g)." *Id.* *Syme* is Cohen's strike three, and he has not shown any "imminent danger" that would require a waiver of the three strikes rule.

The language of § 1915(g) belies Cohen's assertion that PLRA strikes only occur if the underlying case was brought against government entities or their employees. Under § 1915(g), a strike occurs where the court dismisses, for the enumerated reasons, a prisoner's "action or appeal in a court of the United States . . . ." 28 U.S.C. § 1915(g). The section's language does not refer to the identity of the defendants in the prisoner's action, making clear that § 1915(g) does not distinguish between actions brought against government entities and those against private individuals. To the extent Cohen attacks the underlying merits of the courts' actions in these three prior dismissals, that is a matter beyond the scope of this court's review.

Finally, Cohen argues that the district court should have notified him that he needed to pay the filing fee and given him thirty days in which to do so, citing the pre-PLRA case *Cameron v. Fogarty*, 705 F.2d 676, 678 (2d Cir. 1983). However, this argument is meritless because the district court dismissed the complaint without prejudice, providing Cohen the opportunity to refile and pay the fee.

The judgment of the district court is affirmed.