**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEON L. MEYERS, | No. 17-16907 |
| *Plaintiff-Appellant*, | D.C. No. 3:14-cv-03123-RS |
| v. | |
| EDWARD M. BIRDSONG, Dr.; R. MACK; P. LAHEY, RN; A. REYNOSO, | ORDER |
| *Defendants-Appellees*. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted September 15, 2023
San Francisco, California

Filed October 11, 2023

Before: Danny J. Boggs,* Sidney R. Thomas, and Danielle
J. Forrest, Circuit Judges.

---

* The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

# SUMMARY**

## Prisoner Civil Rights/*In Forma Pauperis* Status

The panel denied California state prisoner Leon Meyers' motion to recall the mandate and reinstate his 2017 appeal but directed the Clerk of the District Court to refund Meyers' filing fees for this appeal.

In 2017, this Court granted Meyers' motion to proceed *in forma pauperis* ("IFP") on appeal but subsequently, on defendants' motion, revoked IFP authorization because under 28 U.S.C. § 1915(g), Meyers previously had more than three actions or appeals dismissed as frivolous or for failure to state a claim. Meyers did not elect to pay the filing fee in full at that time and the appeal was dismissed in January 2019. Meyers' prison trust account, however, continued to be debited pursuant to 28 U.S.C. § 1915(b)(2) to satisfy the outstanding balance on the initial filing fee. In 2020, the filing fee was paid in full, and Meyers sought to reinstate his appeal.

The panel first determined that Meyers' motion to recall the mandate, filed 661 days after the mandate became effective, was untimely. The panel next held that the extraordinary remedy of recalling the mandate and ordering reinstatement to prevent injustice or address exceptional circumstances was not necessary given that Meyers did not dispute that he had three strikes, was ineligible to proceed

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

IFP under § 1915(b)'s payment plan, and had not timely paid the filing fee. The appeal therefore was properly dismissed.

The panel held that § 1915 neither permits nor requires the collection of fees from a prisoner who is ineligible for IFP status because he has struck out under §1915(g). Meyers' purported IFP appeal therefore was barred by 1915(g) and the Court was without authority to collect the filing fees from Meyers' prison account. The panel directed the Clerk of the District Court to return to Meyers any fees that it collected on behalf of this court for this appeal.

## COUNSEL

Sheridan Caldwell (argued), Latham & Watkins LLP, San Francisco, California, for Plaintiff-Appellant.

Nicole H. Welindt (argued), Associate Deputy Solicitor General; Neah Huynh, Supervising Deputy Attorney General; California Attorney General's Office, San Francisco, California; Helen H. Hong, Attorney, California Attorney General's Office, San Diego, California; Alicia A. Bower, Deputy Attorney General, California Attorney General's Office, Business & Tax Section, Sacramento, California; for Defendants-Appellees.

**ORDER**

Leon Meyers, a California state prisoner, moves to recall the mandate and reinstate his 2017 appeal of the dismissal of his civil rights action against state agencies and Salinas Valley Prison medical staff and officials. We deny the motion to reinstate the appeal, but direct that his filing fees be refunded.

Meyers appealed the dismissal of his § 1983 action to this Court in 2017, and we granted his motion to proceed *in forma pauperis* (IFP). After Meyers filed an informal opening brief, Appellees moved to revoke IFP authorization on the grounds that Meyers was ineligible for IFP status under 28 U.S.C. § 1915(g) because he had previously had more than three actions or appeals dismissed as frivolous or for failure to state a claim. A motions panel granted that request, ordered Meyers to pay the full $505 filing fee within 35 days, and warned that a failure to pay the fee in full would cause the appeal to be dismissed. The order also noted that the Court would not entertain any motions to reinstate the appeal "not accompanied by proof of payment of the docketing and filing fees." Meyers did not pay the filing fee, and the appeal was dismissed in January 2019. Meanwhile, Meyers's prison trust account continued to be debited pursuant to § 1915(b)(2) to satisfy the outstanding balance on the initial filing fee.

In November 2020, Meyers brought the instant motion to reinstate his appeal and attached a prison bank account statement showing the filing fee had been paid in full as of October 2020. We appointed counsel for Meyers and directed the parties to brief "the effect, if any, of the revocation of a prisoner's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g) upon the collection of fees for the

same case from the prisoner's trust account pursuant to 28 U.S.C. § 1915(b)."

## I

Pursuant to Ninth Circuit Rule 42-1, an appeal may be dismissed when "an appellant fails to file a timely record, pay the docket fee, file a timely brief, or otherwise comply with the rules requiring processing the appeal for hearing." Motions for reinstatement of an appeal following dismissal for failure to prosecute are directed to the sound discretion of the Court. In exercising our discretion, we generally consider: (1) the reason for the failure to prosecute; (2) the timeliness of the motion (and an explanation for untimeliness, if appropriate); (3) whether the defect has been cured, *see* Ninth Circuit General Order 2.4 ("Any motion to reinstate an appeal dismissed for want of prosecution shall indicate how the deficiency has been corrected or explain why correction is impossible."); and (4) whether the motion is opposed.

Our authority to recall a mandate and reinstate an appeal stems from our inherent "power to protect the integrity of [our] own processes." *Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir. 1988). We may exercise that authority "in exceptional circumstances," "for good cause or to prevent injustice." *Id.* (internal citation and quotation marks omitted).

Meyers's motion is untimely. *See United States v. Lozoya*, 19 F.4th 1217, 1218 (9th Cir. 2021) (en banc) (holding that a motion to recall the mandate filed over 300 days after the filing of the opinion was untimely). This mandate became effective January 25, 2019, and the motion to recall the mandate was filed on November 16, 2020, 661 days after the mandate became effective.

More importantly, the circumstances here do not present exceptional circumstances, "good cause," or the need to intervene in order "to prevent injustice."   Meyers does not dispute that he has three strikes and is therefore ineligible to proceed IFP under the 28 U.S.C. § 1915(b) payment plan. Accordingly, Meyers may only appeal a civil judgment if he can prepay the filing fee, which he was not able to do. § 1915(g).  Because Meyers did not timely pay his fees, the correct result was dismissal, *see* Ninth Cir. R. 3-1, 42-1, and the extraordinary remedy of recalling the mandate and ordering reinstatement of the appeal is therefore not necessary to prevent injustice or address exceptional circumstances.

## II

Meyers argues, in the alternative, that his filing fees were unlawfully collected because § 1915 does not authorize or require the collection of filing fees from a prisoner who attempts to file an appeal IFP but is denied IFP status.  This claim presents a novel question of statutory interpretation in this Circuit, so we begin by presenting some statutory background.

As part of an effort to reduce the number of frivolous prisoner-filed lawsuits, the Prison Litigation Reform Act of 1995 ("PLRA") overhauled the *in forma pauperis* system for prisoner litigants.  28 U.S.C. § 1915; *see Jackson v. Stinnett*, 102 F.3d 132, 136–37 (5th Cir. 1996).  Indigent prisoners have long been eligible to proceed IFP and avoid the prepayment of filing fees upon court approval.  *See* § 1915 (a).  But the PLRA added new requirements for prisoner IFP eligibility.  First, under § 1915(b)(1), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee" via a

specified payment plan that automatically deducts available funds from the prisoner's prison bank account. Additionally, § 1915(g) renders some serial prisoner litigants ineligible for IFP status altogether. Under subsection (g), a prisoner who has had three or more suits dismissed as frivolous or malicious, or for failure to state a claim—known as having "three strikes"—may not proceed IFP unless the prisoner faces "imminent danger." *See Williams v. Paramo*, 775 F.3d 1182, 1188 (9th Cir. 2015).

The parties dispute whether § 1915 mandates the collection of fees where a prisoner files an appeal and is granted IFP status, but IFP status is later revoked. Meyers argues that because he does not qualify for IFP status under § 1915(g), he cannot be subjected to the IFP fee payment scheme in § 1915(b). Appellees argue that we may not refund Meyers's fees because the obligation under § 1915(b)(1) to pay the full fee attached as soon as Meyers filed his appeal, whether he qualified for IFP status or not.

In statutory interpretation, the "plain meaning of a statute controls where that meaning is unambiguous." *Khatib v. County of Orange*, 639 F.3d 898, 902 (9th Cir. 2011) (en banc); *see Harris v. Harris*, 935 F.3d 670, 676 (9th Cir. 2019) (noting Congress "said what it meant" in § 1915(g)). We read "words in their context and with a view to their place in the overall statutory scheme." *Tovar v. Sessions*, 882 F.3d 895, 901 (9th Cir. 2018) (quoting *King v. Burwell*, 576 U.S. 473, 486 (2015)). "[W]e do not look at individual subsections in isolation." *Id.* Applying these rules, § 1915 does not authorize or require the collection of fees from a prisoner who is ineligible for IFP status under subsection (g). The requirement in subsection (b) that a prisoner pay the full filing fee only applies "if a prisoner . . . *files an appeal in forma pauperis*." § 1915(b)(1) (emphasis added). And

under subsection (g), a struck-out prisoner can never file an appeal IFP. § 1915(g); *see Williams*, 775 F.3d at 1189 (holding that "§ 1915(g), by using the present tense, clearly refers to the time when the . . . appeal is filed"); *see also Dubuc v. Johnson*, 314 F.3d 1205, 1207 (10th Cir. 2003) ("Whether viewed from the so-called plain language perspective or more broadly to determine Congress' intent, § 1915(g)'s mandate is that 'in no event' shall a post-three-strikes civil action be brought."); *Smith v. Dist. of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999) ("[W]e will not treat [a prisoner] as having 'filed an appeal in forma pauperis' when he has not been granted *in forma pauperis* status and his appeal has not been considered.").

Therefore, § 1915(b) neither permits nor requires the collection of fees from a struck-out prisoner who attempts to file an appeal IFP. A struck-out prisoner who has been denied IFP has the option of timely filing the full fee or electing not to proceed with the appeal. We join the D.C. Circuit in holding that a struck-out plaintiff who has been denied IFP status is not deemed to have "'filed an appeal in forma pauperis' when he has not been granted *in forma pauperis* status and his appeal has not been considered." *Smith*, 182 F.3d at 29.

This interpretation fulfills the statutory purpose of the PLRA without creating a needlessly punitive rule. Section 1915(g) was "designed to discourage vexatious and voluminous prisoner litigation." *Harris*, 935 F.3d at 673. We have repeatedly recognized this purpose but have also announced a reluctance to extend the PLRA's burdens on prisoner litigants farther than the text makes necessary. *See Williams*, 775 F.3d at 1189. While Appellees' interpretation of § 1915 would certainly serve as a *greater* deterrent to prisoner litigation by requiring even struck-out prisoners to

pay all fees, Meyers's version also adequately serves the statute's purpose because it still prevents struck-out prisoner litigants from reaching the courts unless they can pay the filing fee in one lump sum.  There is no reason under the text of the statute to punitively require such litigants to pay the fees for appeals that were dismissed for failure to pay the fees.

Meyers's purported IFP appeal was barred by subsection (g) and therefore could not proceed to the benefits and the burdens conferred at subsection (b).  The Court was therefore without authority to collect the filing fees from Meyers's prison account, and they must be returned. Therefore, we direct the Clerk of the District Court to return any fees that it collected on our behalf for this appeal.

**MOTION DENIED WITH INSTRUCTIONS.**