Hermanda W. JOHANNING, Plaintiff,

v.

Eberhard H. JOHANNING, Defendant.

Civ. No. 81–49.

United States District Court, D. New Jersey.

Feb. 9, 1981.

Hermanda W. Johanning, pro se.

Jerome Kasper, East Orange, N. J., for defendant.

## OPINION

BIUNNO, District Judge.

The complaint in this case was filed January 8, 1981. The papers include an affidavit for leave to proceed in forma pauperis, 28 U.S.C. § 1915(a), but the filing fee was paid and the application was accordingly not presented for judicial ruling. The case was allocated and assigned on January 8, 1981.

On January 14, 1981, plaintiff filed a motion "seeking complaints to be heard, and transcripts to be examined", returnable February 9, 1981. Since an extended jury trial was in progress, the court ordered the motion heard on the papers submitted, without oral argument, pursuant to F.R. Civ.P. 78.

The court has made a careful review of the file, from which it appears that the court does not have jurisdiction over the subject matter of the suit, and an order for dismissal, without prejudice and without costs, is entered pursuant to F.R.Civ.P. 12(h)(3). In simple English, this means that this court is not allowed to hear the case, and is not allowed to decide anything in dispute.

The papers show that there is pending litigation between the parties in the New Jersey courts. That litigation is matrimonial in nature, involving divorce, equitable distribution of marital assets as defined by local law, and related matters.

The complaint identifies that litigation as *Johanning v. Johanning,* Docket M–17482–76 (County No. 48031) in the Superior Court, Chancery Division, Essex County; as Docket A–2997–79 in the Superior Court, Appellate Division; and as Docket No. 17, 354, A–2861–78 in the Supreme Court of New Jersey.

The complaint and motion papers indicate that the matter was tried before a Superior Court judge, apparently on January 29 and 30, 1979 and a decision rendered with which plaintiff is dissatisfied. An appeal was taken and the decision was affirmed. Plaintiff had been represented by an attorney and engaged another one. A pro se appeal was filed with the Supreme Court Docket 17, 354, from A–2861–78 and is not yet decided. A second appeal was filed with the Superior Court, Appellate Division, Docket 2997–79, not yet decided.

Somewhere in this history plaintiff filed ethics charges in respect to the trial judge and her first attorney, and these charges were dismissed.

The basic purpose of the complaint is to have this court examine the transcripts of the proceedings in the New Jersey courts. By reference to transcript pages and lines, it is alleged that the defendant answered various charges under oath falsely, both in answer to interrogatories or deposition examination, or at trial. These have to do with a counterclaim for divorce, as the result of which a mutual divorce was granted, a false and understated appraisal of the value of the marital dwelling, the disposition of a diamond ring obtained from plaintiff by duress, concealment and misstatement of defendant's income and assets, failure to recognize the economic contribution of plaintiff during the marriage, alleged instances of acts that would be violations of N.J. Statutes, Title 2C, as one or another form of sex abuse, ailments of plaintiff suspected to be the consequence of poisoning, and the like.

From the papers, it appears that plaintiff is a New York citizen and the defendant a New Jersey citizen. Allowing for the pro se nature of the papers and the amount of assets claimed, this might appear to provide jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a)(1).

■ In general, a case that can be filed in the state court where the district court sits can also be filed in federal court where the plaintiff and defendant are citizens of different states, and the amount in controversy exceeds the specified minimum. This provision gives to a resident plaintiff who sues a non-resident defendant the option to sue in either state or federal court. If the resident plaintiff sues in state court, the non-resident defendant has the option of removing the case to federal court under 28 U.S.C. § 1441, with various exceptions. If the resident plaintiff sues in federal court, the non-resident defendant has no option to select a forum, other than to apply for change of venue under 28 U.S.C. § 1404 et seq.

■ On the other hand, if a non-resident plaintiff elects to sue a resident defendant in state court, the resident defendant has no option to transfer the case to federal court; and if the non-resident plaintiff elects to sue in federal court, it is most unlikely (where the parties are natural persons) that the resident defendant would be able to show a basis for change of venue to another district or division.

All of these provisions presuppose, when the case is filed in or transferred to a federal court, that the federal court has legal authority (a) over the person of the defendant and (b) over the subject-matter of the lawsuit.

■ It has been settled law, for more than 100 years, that the Congress has not given any power to the federal courts to deal with matrimonial litigation. See *Barber v. Barber*, 21 How. 582, 62 U.S. 582, 16 L.Ed. 226 (1859); In re *Burrus*, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890); and *Solomon v. Solomon*, 516 F.2d 1018 (CA 3, 1975), for example. Such few decisions of the federal courts as have dealt with matrimonial disputes have generally been cases decided by the Supreme Court of the United States on constitutional issues which were peripheral or collateral to the matrimonial aspect, as, for example, where the full faith and credit clause, *U.S.Const.*, Art. IV, sec. 1, was involved. An example is *Williams v. North Carolina*, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942); also 325 U.S. 226 (1945), reh. den. 325 U.S. 895, 65 S.Ct. 1560, 89 L.Ed. 2006.

■ Nor is a federal district court given authority by Congress to oversee or review the operation of state courts in deciding cases involving state law only, or to deal with alleged violations of state criminal laws.

■ The court has explored every conceivable avenue to see if there is any basis for jurisdiction here. It has found none, and so has no choice but to dismiss the complaint. Since it cannot consider the merits, the dismissal is "without prejudice", which means that the dismissal does not prevent plaintiff from pressing her claims in a court that has authority to hear and decide them. Since plaintiff filed pro se,

and since defendant has been put to little, if any, expense, the dismissal is without costs.