**Julius BAKER, plaintiff,**

v.

**AME CHURCH JUDICIAL COUNCIL and Rev. Franklin Breckenridge, Attorney, defendants.**

**No. 3:04–CV–0308 AS.**

United States District Court, N.D. Indiana.

June 10, 2004.

Julius S. Baker, Sr., Brunswick, GA, pro se.

### MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

Julius Baker, an itinerant elder of the African Methodist Episcopal Church ("AME") residing in Georgia, filed a complaint alleging that the AME Church Judicial Council and Rev. Franklin Breckenridge, an attorney and AME minister residing in Elkhart, Indiana, denied him due process and equal protection of the law in a an appeal to the AME governing body regarding Elder Baker's employment as an elder of the officer. Elder Baker also alleges diversity of citizenship pursuant to 28 U.S.C. § 1332.

■ Elder Baker seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive or captious litigation, however, federal courts are authorized to dismiss a claim filed in forma pauperis if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. § 1915(e)(2).

■ A complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 322 (1992). *See also Flick v. Blevins,* 887 F.2d 778, 780 (7th Cir.1989), *cert. denied,* 495 U.S. 934, 110 S.Ct. 2179, 109 L.Ed.2d 508 (1990). A claim based on an "indisputably meritless legal theory" is frivolous. *Denton v. Hernandez,* 504 U.S. at 32, 112 S.Ct. 1728. A claim is also frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton,* 209 F.3d 1025 (7th Cir. 2000).

■ Because Elder Baker alleges violation of rights protected by the United States Constitution, this court will treat his claims as having been brought under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee,* 746 F.2d 1205 (7th Cir.1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law;" If the defendant did not act "under color of state law," the action against him must be dismissed. *Rendell–Baker v. Kohn,* 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). The definition of the phrase "acting under color of [state] law" is "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States of America v. Christian,* 342 F.3d 744, 750 (7th Cir.2003). Officials of the AME church are not state actors. Moreover, the Constitution's Bill of Rights protects persons against government action; those protections do not apply to internal church proceedings.

*See,* for example, *Presbyterian Church of the United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church,* 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed.2d 658 (1969) and *Serbian Eastern Orthodox Diocese for the United States and Canada v. Milivojevich,* 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976).

Elder Baker also asserts jurisdiction pursuant to diversity of citizenship. He alleges that "the various conference record and other employment documents constitute a contract between me and the A.M.E. church," and that the AME breached this employment contract. Indiana courts have jurisdiction over contract disputes, and may, in the appropriate circumstances, review ecclesiastical decisions regarding such things as disposition of property or determining the nature of church organization. *Draskovich v. Pasalich.,* 151 Ind.App. 397, 280 N.E.2d 69, (Ind App. 3rd Dist.1972), *rehearing denied,* 153 Ind.App. 30, 285 N.E.2d 830 (Ind.App. 3rd Dist.1972), *cert. denied,* 414 U.S. 976, 94 S.Ct. 291, 38 L.Ed.2d 219 (1973). Playing on themes from the *Mary Elizabeth Blue Hull* case, this plaintiff will be hard pressed to get any civil court to wade into this dispute.

In general, a case that can be filed in state court in the state where the district court sits can also be filed in federal court if plaintiff and defendant are citizens of different states and there is a sufficient amount in controversy. *Johanning v. Johanning,* 509 F.Supp. 770 (D.N.J.1981). Assuming that there is a sufficient amount in controversy, Elder Baker's contract theory could state a valid claim under state law, but such is not likely. But the attachments to the plaintiff's complaint establish that all of the events he alleges constituted the establishment and breach of a contract occurred outside Indiana. These attachments further establish that the only connection with Indiana is that Rev. Breckenridge was a member, and the secretary of, the AME Judicial Council that rejected Elder Baker's final appeal. The eight other members reside in other states. Rev. Breckenridge signed the letter advising Elder Baker that the church council had rejected his appeal.

Because the events allegedly establishing and eventually breaching an employment contract between Elder Baker and the AME occurred outside Indiana, this case could not have been brought in Indiana courts in any event. Because this case could not have been filed in Indiana State courts on a contract theory, it cannot be filed in this court under diversity of citizenship. This would be true even in the absence of a major First Amendment hurdle.

For the foregoing reasons, the court **DENIES** the plaintiff's request to proceed *in forma pauperis* (docket # 3) and **DIS-**

MISSES this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS SO ORDERED.**